UNITED STATES of America, Plaintiff-Appellee,

v.

Moises Riveria SANTIAGO, Defendant-Appellant.

No. 75–1971.

United States Court of Appeals, Seventh Circuit.

Heard Feb. 20, 1976.

Decided April 22, 1976.[*]

* This appeal was originally decided by unreported order on April 22, 1976. See Circuit Rule 28. The Court has subsequently decided to issue the decision as an opinion.

John L. Kelly, Jr., Gary, Ind., for defendant-appellant.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., Richard A. Hanning, Asst. U. S. Atty., Hammond, Ind., for plaintiff-appellee.

Before CASTLE, Senior Circuit Judge, and SWYGERT and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

Defendant appeals from his conviction on two counts of distributing a narcotic drug to a narcotics agent in violation of 21 U.S.C. § 841(a)(1). After hearing oral argument, we affirmed from the bench.

The sole issue is whether the Government had established a sufficient chain of custody to render admissible the heroin received by the narcotics agent from the defendant on May 1 and 7, 1975. The purpose of the chain of custody rule is to insure that the substance offered into evidence is in substantially the same condition as when it was seized. *United States v. Brown,* 482 F.2d 1226, 1228 (8th Cir. 1973). The Government need show only that it took reasonable precautions to preserve the original condition of the evidence. *United States v. Jackson,* 482 F.2d 1264, 1266 (8th Cir. 1973). It need not exclude all possibility of tampering. *United States v. Bridges,* 499 F.2d 179, 185 (7th Cir. 1974), certiorari denied, 419 U.S. 1010, 95 S.Ct. 330, 42 L.Ed.2d 284.

The agent who received the narcotics from the defendant testified that on each occasion he took the drugs to the Hammond, Indiana, District Office of the Federal Drug Enforcement Administration Task Force, conducted certain tests and then placed them in a clear plastic envelope. This envelope was then put in a larger plastic container. The outer envelope was closed at the top and seal affixed showing the agent's name, the name of a witness to the closing, and the date. In addition, a Justice Department label showing the case number and the results of the tests was affixed. Thereafter, the envelope was placed in the District Office safe until it could be mailed to a laboratory in Chicago for testing. Without objection, the Government introduced sufficient proof of mailing and receipt by the laboratory. There the envelope was stored in a safe until the material could be tested. The chemist who

performed the analysis testified that after signing a receipt he removed the envelope from the safe. The outer envelope was opened by cutting the manufacturer's plastic seal at the bottom. After the tests were performed, the chemist put the drugs back in the inner container and placed the inner container in the outer envelope. He re-sealed the envelope at the bottom and affixed a label showing the date and his signature. The same procedure was employed with respect to the second narcotics transaction. Our inspection of the envelopes (Government Exhibits one and three) reveals that neither the agent's nor the chemist's seals were disturbed.

The foregoing procedure was sufficient to meet the Government's burden of showing a chain of custody. *United States v. Brown, supra,* 482 U.S. at 1228. Defendant claims, however, that there are two problems. He first contends that lock-seal bags—envelopes which can be opened only by destroying the seals—should have been used. From inspection of the envelopes in question, it is clear that they can be opened, after sealing by the agent, only by breaking that seal or by cutting the bottom open as the chemist testified he did. These envelopes were therefore equivalent to lock-seal bags.

■ Finally, defendant contends that since many people had access to the safes in which the two envelopes were stored, there was a significant possibility that the material could have been tampered with or mislabeled. Because the defendant could elicit no testimony that any of the seals was disturbed apart from the ordinary course of examining the evidence or that the Justice Department labels had been altered, his claim is insufficient to rebut the Government's showing. *United States v. Williams,* 503 F.2d 50, 53 (6th Cir. 1974); *United States v. Jackson, supra,* 482 F.2d at 1267.

AFFIRMED.