UNITED STATES of America, Appellee,

v.

**Clara Ruth TAYLOR, Appellant.**

No. 76–1282.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1976.

Decided Oct. 20, 1976.

Rehearing Denied Nov. 16, 1976.

David M. Nissenholtz, Cofman, Townsley, Nissenholtz & Weinstein, St. Louis, Mo., for appellant.

Barry A. Short, U. S. Atty. and Frederick R. Buckles, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, MARKEY*, Judge, and STEPHENSON, Circuit Judge.

PER CURIAM.

Defendant, Clara Taylor, appeals from her conviction on two counts of illegally distributing heroin in violation of 21 U.S.C. § 841(a)(1) (1970). Taylor was sentenced to 15 years in prison to be followed by a five year special parole term.

The Government's evidence was that on December 1, 1975, a Government informant, Arthur Doward, arranged for the purchase of heroin from Taylor. Pursuant to this arrangement, Taylor arrived at Doward's house where Doward and D.E.A. agent Luss were waiting. Upon arrival Doward and Taylor retired to the kitchen where Taylor inquired as to whether Doward was in possession of a prearranged sum of money. Doward replied in the affirmative. Taylor then left the house and, upon her return, removed two containers of heroin from her bra. The heroin was measured by Doward and Luss. Doward then placed $3,600 in $20 and $50 bills on the table. As he was leaving the room, Luss observed Taylor depositing the money in her bra.

On December 11, 1975, Taylor once again returned to Doward's residence. While in the house, Taylor removed a tinfoil package of heroin from her purse and placed it on a table before Luss.

Taylor testified in her own behalf and contradicted the Government's proof in regard to these two transactions. She stated that on December 1 it was Doward who produced the two containers of heroin from a refrigerator in the kitchen. On December

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

she contended that Doward planted the heroin on her as she was entering the house. The jury disbelieved this testimony and convicted Taylor on both counts.

Taylor's primary contention on this appeal is that the District Court erred in denying Taylor's motion for a continuance in light of the Government's failure to disclose material evidence to Taylor until the day of the trial. On February 17, 1976, Taylor moved the District Court to issue an order to compel the Government to permit discovery of certain evidence pursuant to Fed.R.Crim.P. 16 and to produce all favorable evidence as required by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This motion was granted on March 4, 1976. On March 9, 1976, the District Court issued another order requiring the Government to reveal any agreement between the Government and any prospective witness which could conceivably influence that witness's testimony. The Government was also ordered to identify the confidential informant used in this case.

On the morning of March 15, 1976, the date of Taylor's trial, the Government provided Taylor with a memorandum of disclosure. This memorandum advised Taylor that Arthur Doward would be summoned as a Government witness. The memorandum also provided that Doward had previously been convicted of a narcotics offense and that his sentence for that conviction had been reduced because of his agreement to cooperate with the Drug Enforcement Administration in the investigation of narcotics offenses. Pursuant to this agreement, Doward cooperated with the D.E.A. and received $600 for information he provided to the D.E.A. The memorandum specified that, for Doward's assistance in the Taylor case, D.E.A. agents would "apply to the appropriate Government agency for a cash reward" for Doward. Finally, the memorandum provided that as of March 12, 1976, Doward had been accepted into the United States Marshals' Witness Protection Program.

Upon receiving this information, Taylor filed a motion for continuance on the basis that Taylor's counsel needed to review this material and seek further facts on this subject to adequately prepare the defense. The District Court denied the motion and the case proceeded to trial.

Taylor contends that the District Court erred in denying the motion for continuance because the Government's late disclosure of the material prejudiced Taylor and rendered the trial unfair. Whether a continuance should be granted or not rests in the sound discretion of the District Court and only a showing of a clear abuse of discretion will justify an overturning of the District Court's ruling. *United States v. Webb,* 533 F.2d 391, 395 (8th Cir. 1976). In the present case, we fail to find that the District Court abused its discretion since there has been no showing that Taylor was hampered in her preparation for trial. The late disclosure of the Government's memorandum did not in any respect inhibit or prejudice Taylor's ability to marshal exculpatory facts at the pretrial stage. Taylor's counsel had sufficient time between the indictment and trial to investigate the facts and circumstances surrounding the heroin transactions in this case and to obtain testimony bolstering Taylor's theory of the transactions. The memorandum related only to the identity of a Government informant, Doward, and detailed certain matters which tended to affect Doward's credibility. The Government made a complete and candid disclosure of all information bearing upon this subject. The record shows that Taylor's counsel ably conducted himself at trial and used the information released in the memorandum to Taylor's benefit. *Cf. Tasby v. United States,* 451 F.2d 394, 399 (8th Cir. 1971), *cert. denied,* 406 U.S. 922, 92 S.Ct. 1787, 32 L.Ed.2d 122 (1972). When Doward was called as a Government witness, he was subjected to extensive cross examination in regard to both his involvement in the Taylor heroin transaction and the nature of his agreements with the Government. The matter was fully ventilated before the jury and Taylor has failed to show what favorable evidence would conceivably have been secured if a continuance

had been granted. *See United States v. Roca-Alvarez,* 451 F.2d 843, 847 (5th Cir. 1971). The Government's late release of information of this nature under the facts of this case did not entitle Taylor to a continuance.[1]

 Taylor also contends that the District Court erred in refusing to order the Government to produce the criminal records of all Government witnesses. This contention is without merit since this court has ruled that the criminal records of such witnesses are not discoverable. *Hemphill v. United States,* 392 F.2d 45, 48 (8th Cir.), *cert. denied,* 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968). The legislative history accompanying the recently amended Federal Rules of Criminal Procedure indicates that the *Hemphill* rule is intact. The House of Representatives, in considering the proposed amendments to the Federal Rules of Criminal Procedure, approved proposed Rule 16(a)(1)(E) which would have entitled defendants to discover all criminal convictions of the Government witnesses. H.Rep. No. 94–247, 94th Cong., 1st Sess. 15 (1975), *reprinted in* 2 U.S.Code Cong. & Admin. News, p. 687 (1975). However, the Senate rejected this provision and the House and Senate conferees adopted the Senate position and deleted proposed Rule 16(a)(1)(E). H.Conf.Rep. No. 94–414, 94th Cong., 1st Sess. 12 (1975), *reprinted in* 2 U.S.Code Cong. & Admin.News, p. 716 (1975). Therefore, the District Court properly denied Taylor's request to discover the conviction records of the Government witnesses. As to the informant Doward, his criminal record was fully discussed on both direct and cross examination at trial, and thus Taylor can claim no prejudice in the District Court's refusal to order disclosure of Doward's criminal record before trial.

The judgment of conviction is affirmed.

---

1. Taylor raises a subsidiary, yet related, issue that the Government's belated disclosure of the material relating to Doward constituted a violation of the principles of *Brady v. Maryland, supra.* The *Brady* rule provides that Government suppression of material evidence favorable to the defendant denies defendant due process of law. *Moore v. Illinois,* 408 U.S. 786, 794–95, 92 S.Ct. 2562, 33 L.Ed.2d 1706 (1972). In light of the fact that the Government made a complete pretrial disclosure of facts to Taylor in this case, we are unable to say that there was a "suppression" of evidence as contemplated by *Brady.* We are not intimating that an unjustified last-minute and incomplete disclosure of crucial evidence which demonstrably prejudices the defendant in the preparation of his case would not violate *Brady.* That type of situation is not before us in this case and we express no view of the merits of such a claim. Under the facts of this case, there was no suppression of exculpatory evidence.