UNITED STATES of America, Appellee,

v.

Karol Numen BAILEY, Appellant.

No. 76–1760.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1976.

Decided March 2, 1977.

Rehearing Denied March 25, 1977.

J. Martin Hadican, Clayton, Mo., on brief, for appellant.

Barry A. Short, U. S. Atty. and Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

**PER CURIAM.**

Karol Numen Bailey was convicted by a jury of illegally transporting a stolen tractor in interstate commerce. The sole issue raised by Bailey in this appeal is whether the trial court erred in refusing to compel the United States Attorney to disclose the name of the person who purchased other stolen goods from the same seller from whom Bailey purchased his goods.

The seller was in control of three new farm tractors, all of which had been stolen. One was sold for competitive market value. Bailey purchased his at a greatly reduced cost and testified that he was told by the seller that the cost of the tractor was so reduced because the tractor had been damaged in a storm. The seller testified that he had told Bailey the price was reduced because the tractor was stolen property. The third purchaser was supposedly unknown to Bailey and during pretrial discovery, Bailey requested that the government disclose the third purchaser's name.[1] The trial court refused to compel the government to comply with that request.

"Discovery matters are committed to the sound discretion of the trial court and are reviewable only upon an abuse of that discretion." *United States v. Crow Dog*, 532 F.2d 1182, 1189 (8th Cir.) (cites omitted), *pet. for cert. filed*, 44 U.S.L.W. 3749 (June 21, 1976). "An error in administering the discovery rules is not reversible absent a showing that the error was prejudicial to the substantial rights of the defendant." *United States v. Cole*, 453 F.2d 902, 904 (8th Cir.), *cert. denied*, 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972). A defendant who claims that the court's failure to compel the disclosure of witnesses was error should be able to show that the witnesses' testimony would have been favorable. *United States v. McMillian*, 535 F.2d 1035, 1037 (8th Cir. 1976). If the in-

---

1. Bailey does not explain the importance the third purchaser's testimony might have had. Although it could be argued that Bailey might have benefited by testimony from the other purchasers that they were told that the tractors were selling at a reduced price because they were storm damaged, there is no evidence in the record to indicate either of the other purchasers would have or did so testify.

formation sought by the defendant is produced during trial or immediately before, the defendant should request a continuance if time is needed to properly utilize the information. *United States v. Taylor,* 542 F.2d 1023, 1025 (8th Cir. 1976); *United States v. McMillian, supra.*

The only information sought in Bailey's motion to compel discovery which Bailey did not receive prior to his trial was the name of the third purchaser. However, either prior to trial or at trial, Bailey did learn this person's identity because Bailey's attorney was the first person to mention the third purchaser's name during trial. Bailey never requested a continuance nor did he interview the third purchaser after the trial to determine if his testimony might have been favorable.[2]

The trial court did not abuse its discretion, nor did Bailey incur prejudice by the court's refusal to compel disclosure of the third purchaser before trial. For those reasons, we affirm the judgment of the District Court.

---

2. Bailey's argument that the rule established in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), required disclosure in this case lacks merit. The government's information prior to the trial, which has not been contradicted, shows that the witness was not cooperative and refused to answer any questions concerning these sales.