UNITED STATES of America, Appellee,

v.

Kenneth Raymond KROHN, a/k/a Arthur Lewandowski, Appellant.

No. 77–1005.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1977.

Decided May 25, 1977.

Rehearing and Rehearing En Banc Denied Aug. 1, 1977.

Certiorari Denied Oct. 3, 1977.

See 98 S.Ct. 207.

Alfredo G. Parrish, Des Moines, Iowa, argued and filed brief, for appellant.

Kenneth R. Krohn, pro se.

William D. Scherle, argued, Asst. U. S. Atty., Paul A. Zoss, U. S. Atty., Des Moines, Iowa, on briefs, for appellee.

Before WEBSTER and HENLEY, Circuit Judges, and MEREDITH,* District Judge.

HENLEY, Circuit Judge.

Kenneth Raymond Krohn appeals from his conviction and sentence on a one-count indictment charging that he caused to be transported in interstate commerce from the Southern District of Iowa to Milwaukee, Wisconsin, a falsely made and forged security, that is, a check drawn on the First Wisconsin National Bank of Milwaukee, Wisconsin, in violation of 18 U.S.C. § 2314. We affirm.

The issues presented on appeal are (1) whether the indictment should have been dismissed on the grounds that Krohn was denied a speedy trial in violation of the Interstate Agreement on Detainers Act, 18 U.S.C. App. (Supp., 1977), and the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–74 (Supp. IV, 1974), and (2) whether admission of testimony of two government witnesses whose names had not been provided to the defense prior to trial constitutes reversible error.

*Speedy Trial.*

Appellant was arrested in Illinois on Illinois state charges on March 26, 1976. He was committed to federal custody pursuant to an October 22, 1975 indictment of the United States District Court for the Southern District of Iowa on March 29, 1976. A removal hearing was scheduled for April 5, 1976 and continued three times until the motion for removal was withdrawn on April 19, 1976. In the meantime, on April 9, 1976, Krohn was indicted in the Southern District of Illinois, Springfield, Illinois, on charges similar to those pending in the Southern District of Iowa, and arraigned on April 26, 1976.[1] Trial commenced on July 15, 1976, and appellant was convicted on July 16, 1976 and sentenced on September 7, 1976.

The United States Attorney for the Southern District of Iowa filed a petition for writ of habeas corpus ad prosequendum on September 23, 1976. The writ was issued on October 4, 1976, and Krohn was transferred to Iowa and arraigned on October 6, 1976. A jury was empaneled on December 6, 1976, and the trial proceedings began on December 14, 1976. Appellant was found guilty on December 16, 1976, and sentenced to five years imprisonment to run concurrently with the sentence imposed earlier at Springfield, Illinois.

 Appellant argues that the Southern District of Iowa indictment should have been dismissed because he was not tried within the time limits set forth in the Interstate Agreement on Detainers Act. Appellant's reliance on the Interstate Agreement on Detainers Act is misplaced. The United States is one jurisdiction under the Agreement. *United States v. Cappucci*, 342 F.Supp. 790, 793 (E.D.Pa.1972). Accordingly, its provisions do not apply to the transfer of defendants from one federal district to another for trial.

Appellant also relies on the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–74 (Supp. IV, 1974). Section 3161 of the Act establishes certain time periods within which information or indictments must be filed and arraignments and trials must be held, § 3161(b), (c). During a transitional phase, beginning on July 1, 1976 and ending on July 30, 1976, progressively shorter time periods are imposed, culminating in the most severe time limits which are effective on July 1, 1979. § 3161(f), (g). Sanctions, in the form of dismissals of complaints, indictments and informations, become effective with the final time limits on July 1, 1979. § 3162.

---

* The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

1. The government states that the motion for removal was withdrawn because appellant chose to be tried with his wife in Illinois before being transferred to Iowa. The removal proceeding continuances and the Illinois indict-

ment coincide, which lends support to the government's version of the facts. However, since appellant denies that he agreed to be tried in Illinois prior to his transfer to Iowa, and examination of the record does not resolve the dispute, we do not rest our decision on such an agreement.

Interim time limits were established for the first four years, specifically for "detained persons who are being held in detention solely because they are awaiting trial" and another category of persons not relevant here.[2] § 3164(a). During this period, the trial of such a person "shall commence no later than ninety days following the beginning of such continuous detention * * * ." § 3164(b). No detainee is to be held in custody pending trial once the ninety day period has expired. § 3164(c). On July 1, 1979 § 3164 is no longer operative and the final time limits of § 3161 apply to both pretrial detainees and other defendants.

The Southern District of Iowa complied with the time limits of § 3161(c) and (g). Appellant was arraigned within ten days from the date he was ordered held to answer and appeared before a judicial officer in the Southern District of Iowa. § 3161(c). His trial commenced within one hundred eighty days from arraignment. § 3161(g). The United States Attorney for the Southern District of Iowa promptly obtained the presence of appellant for trial after termination of the proceedings in Illinois. *See* § 3161(j).

 Appellant contends, however, that the provisions of § 3164 were violated in that trial on the Southern District of Iowa charges commenced more than ninety days after the beginning of his detention in Illinois. Section 3164 applies by its terms only to those persons detained "solely because they are awaiting trial." On July 16, 1976 appellant was convicted of the charges in the Southern District of Illinois indictment and was sentenced on September 7, 1976. After his Illinois conviction and sentencing, appellant was no longer in federal custody solely to await trial. The sanctions for failure to adhere to the § 3164 time limit indicate that Congress did not intend to have the section apply to persons who are detained pursuant to conviction and sentencing. In the case of detainees the sanction is pretrial release. As the legislative history makes clear, "The provision would not apply to detainees who have already been convicted of another offense, because independent grounds for their detention exist." Senate Committee on the Judiciary, Speedy Trial Act of 1974, Report on S.754, S.Rep.No.93–1021, 93d Cong., 2d Sess., at 45 (1974). The § 3164 time limit did not apply to commencement of trial on the Southern District of Iowa charges once appellant was convicted and sentenced in Illinois because he was no longer detained solely to await trial.

 Even if § 3164 applied to appellant's situation, it does not provide for the sanction of dismissal of the indictment, which is the relief appellant seeks. The sanction of dismissal will become effective on July 1, 1979 when § 3164 will no longer be operative and no distinction will be made between pretrial detainees and other defendants. §§ 3162, 3163(c). It seems evident that by enacting § 3164 Congress intended to provide the sanction of pretrial release to correct the specific problem of excessive pretrial detention delay during the transitional period when the sanction of dismissal would not be in effect.[3] *See United States v. Masko*, 415 F.Supp. 1317, 1322 (W.D.Wisc.1976). Violation of the § 3164 time limit does not, therefore, require dismissal of the indictment.

 In summary, appellant's arraignment and trial on the Southern District of Iowa indictment were within the time limits mandated by § 3161(c) and (g) of the Speedy Trial Act of 1974. Section 3164 of the Act did not apply once appellant was convicted and sentenced in Illinois, since independent grounds existed for his detention at that time. Even if the § 3164 time limit did apply, dismissal of the indictment is not the sanction for its violation.

---

**2.** The other category consists of released persons who are awaiting trial and have been designated by the attorney for the government as being a high risk.

**3.** Prior to the effective date of the statutory sanction of dismissal, a defendant who is not in custody might secure a dismissal of the charge against him by seeking relief under Fed.R. Crim.P. 48(b).

*Discovery of Witnesses.*

The parties agreed, in an informal omnibus hearing, to exchange the names and addresses of witnesses. The government's list of witnesses included three employees of the First Wisconsin National Bank; only one of these was called, and an additional employee, Peggy Marcouiller, who was not listed, also testified. In addition, the government called a United States Deputy Marshal, Mr. Dean Yeager, who was not listed. The government claimed that although they were first advised that Ms. Marcouiller might be available on December 11, 1976 they were not sure that she would be able to come until the day before trial, December 13, 1976. The defense was not informed of the additional witnesses before the day of the trial. The defense objected to the testimony being utilized, but the district court permitted it to stand.

Discovery of prospective witnesses is not required under Fed.R.Crim.P. 16(a). *United States v. Rogers,* 549 F.2d 490 (8th Cir. 1976); *United States v. Taylor,* 542 F.2d 1023 (8th Cir. 1976), *cert. denied,* 429 U.S. 1074, 97 S.Ct. 813, 50 L.Ed.2d 792 (1977). Relief under the discovery rules is a matter committed to the discretion of the trial court and is reviewable only for an abuse of that discretion. *United States v. Crow Dog,* 532 F.2d 1182, 1189 (8th Cir. 1976), *cert. denied,* 430 U.S. 929, 97 S.Ct. 1547, 51 L.Ed.2d 772 (1977); *United States v. Swanson,* 509 F.2d 1205 (8th Cir. 1975). An error in administering the discovery rules is not reversible unless shown to be prejudicial to the substantial rights of the defendant. *United States v. Swanson, supra* at 1209; *United States v. Cole,* 453 F.2d 902, 904 (8th Cir.), *cert. denied,* 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972).

Appellant contends that the change in witnesses and the additional witness left him unprepared and surprised and therefore deprived him of a fair trial.[4] When time is needed to properly utilize new information produced during trial or immediately before trial, the defendant should request a continuance. *United States v. Bailey,* 550 F.2d 1099, 1101 (8th Cir. 1977); *see United States v. Taylor, supra.* Appellant did not request a continuance. Nor does appellant show prejudice to his substantial rights. Ms. Marcouiller testified as to the interbank travel of checks and the bank's procedure for handling checks drawn on fraudulent accounts. This testimony as to banking procedure should have been anticipated and is not the type of testimony in which the identity of the particular witness is of great significance. The same reasoning applies to the testimony of Dean Yeager, which related to appellant's initial processing in Iowa and laid a foundation for later testimony concerning the comparison of fingerprints by a fingerprint expert whose name and address had been given to the defense. The trial court did not abuse its discretion in permitting the testimony to stand.

Affirmed.

---

**4.** In a supplemental brief filed pro se, appellant also claims prejudice from the government's use of appellant's alias in a question asked Mr. Yeager and from the fact that the fingerprint expert testified that he had obtained latent fingerprints from the government's evidence a year or more before appellant's fingerprints were taken by Mr. Yeager in Iowa. Appellant knew that a fingerprint expert would be called and should have been prepared for the comparison of the fingerprints; the government's use of appellant's alias did not result from its failure to inform appellant of the additional witness.