**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Steven AVILES, Defendant-Appellant.**

**No. 79–2114.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 28, 1980.

Decided June 10, 1980.

Rehearing Denied Aug. 6, 1980.

James R. Meltreger, Chicago, Ill., for defendant-appellant.

John S. Leonardo, Asst. U. S. Atty., South Bend, Ind., for plaintiff-appellee.

Before PELL, BAUER and CUDAHY, Circuit Judges.

BAUER, Circuit Judge.

Defendant-appellant Steven Aviles appeals from the judgment of conviction entered by the district court on the jury verdict finding him guilty on four counts of violating the federal narcotics laws. The appellant raises two issues on appeal: (1) whether the district court abused the discretion accorded to it under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., in denying his motion for a continuance prior to trial and (2) whether the court abused its discretion in permitting certain evidence to be admitted at trial over the appellant's objection that the evidence was tainted by an insufficient chain of custody. We find no abuse of discretion in these rulings and accordingly affirm the judgment appealed from for the reasons set forth below.

I

Viewed in the light most favorable to the government, *Glasser v. United States*, 315

U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), the evidence adduced at trial with respect to the two claims of error asserted on appeal reveals the following facts. On May 18, 1979, the appellant was arraigned on a four count indictment charging him in three counts with distributing a controlled substance, phencyclidine, and in one count with conspiring to distribute phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Appellant was represented at the arraignment by the attorney who would serve as his trial counsel. Appellant entered a plea of not guilty to the charges alleged in the indictment and the trial date was set for July 5, 1979. This date was subsequently confirmed by written notice. Appellant posted bond on May 21, 1979.

Approximately six weeks later, on June 28, 1979, defense counsel filed his first motion for a continuance. In that unsigned and unverified motion, counsel asserted that he had been unable to confer adequately with his client due to the condition of the appellant's bond which prohibited him from traveling outside the district and thereby interfered with the appellant's ability to confer with his counsel whose office was located outside the district in Chicago, Illinois. This motion was denied by the district court as insufficient under the Speedy Trial Act.

The case was called for trial on Thursday, July 5, 1979. Prior to the selection of the jury, co-defendant Larry McMahan filed a petition to enter a plea of guilty to count four of the indictment, which charged McMahan, Diane Risner, the appellant and his wife, Patricia, with conspiracy to distribute phencyclidine. The plea agreement obliged the government to move for dismissal of the remaining counts of the indictment against McMahan upon his sentencing for the fourth count.

The plea agreement with McMahan contained no provision requiring him to cooperate with the government or to testify against his co-defendants. However, counsel for the government did explain to the court that an understanding had been reached with McMahan that he was willing to testify and would do so for whatever consideration the court might choose to render as a result of such testimony. The district court accepted McMahan's plea.

The court next considered the government's motion for severance of Diane Risner as a co-defendant. The motion incorporated an agreement reached between the government and Risner to the effect that in consideration for her testimony as a witness for the government in the trial against the remaining two defendants, the government would move to dismiss the indictment against her. The district court granted the motion for severance.

At that time, counsel for the appellant orally renewed his motion for a continuance. In support of the motion, defense counsel reasserted his inability to confer with his client because of the appellant's bond restrictions. He further asserted that since he had not been advised until two days prior to trial that McMahan and Risner would become government witnesses, the defense would require additional time to alter its trial strategy and to procure additional impeachment witnesses.

The trial judge determined that defense counsel had failed to present reasons sufficient to warrant a continuance to postpone the trial schedule established on May 18, 1979 pursuant to the Speedy Trial Act. However, despite his decision not to grant the continuance and in apparent deference to defense counsel's expressed needs, the district court did not commence the actual trial on Thursday, July 5 as had been planned. Rather, the court limited the activities of July 5 to the selection of the jury and informed defense counsel that he would not have to present his case to the jury until the following Monday, July 9, 1979.

On Friday, July 6, the government began the presentation of its evidence and the court recessed the trial that afternoon for the weekend. On Monday, July 9, the government concluded its case and that afternoon the defense proceeded with its case. The trial continued until July 10 when, after presentation of closing arguments, the jury retired, deliberated, and returned their

verdict of guilty on all counts of the indictment.

Other facts pertinent to this appeal concern the chain of custody of government exhibits 1, 2 and 3, which were plastic bags containing narcotics purchased by Indiana State Police Sergeant Reginald Shireman on various dates from co-defendant Larry McMahan. Exhibit 1 was purchased directly by Sergeant Shireman from McMahan on March 28, 1979. Shireman testified that after the purchase he placed the bag containing a powdered substance purported to be phencyclidine into an evidence bag, marked the evidence bag with a case number, the date and time of purchase, the item number, and his initials, and then sealed the evidence bag with red tape. He further testified that he then placed the evidence bag into his briefcase which was in turn placed in the trunk of his Indiana State Police vehicle. Although Sergeant Shireman could not recall the date he delivered exhibit 1 to the Indiana State Police laboratory, the analyzing chemist, Maureen O'Connor, testified that it was received intact on the next day, March 29.

Sergeant Shireman purchased the narcotics represented by government exhibit 2 directly from McMahan on April 3, 1979. Shireman testified he followed the same marking and sealing procedure with this exhibit as he had with exhibit 1. O'Connor testified that it was received by her at the laboratory on April 6.

On April 12, 1979, the narcotics represented by government exhibit 3 were purchased from McMahan at his home by Special Agent David Munson of the Drug Enforcement Administration, and in the presence of Sergeant Shireman. Several minutes after leaving McMahan's house, Munson gave the bag of narcotics to Shireman who placed it into an evidence bag, sealed and marked the evidence bag, placed it in his briefcase, and then placed the briefcase in the trunk of his automobile. The evidence remained in the trunk until delivered to the laboratory and placed in an evidence locker on April 16, 1979. It was removed from the evidence locker by O'Connor for analysis on April 17, 1979. O'Connor testified that she found the seals on each of these exhibits to be intact when she received them for analysis, and the record is devoid of any evidence that these three exhibits had been altered in any manner.

## II

The Speedy Trial Act permits a trial court to grant a continuance if it does so based on a finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). If such a continuance is granted, the resulting period of delay is to be excluded in computing the time within which the trial must commence. *Id.*

Although the purpose of the Act militates against all but the most necessary delays, it specifically prohibits the granting of a continuance in only two situations: (1) when it is sought because of the general congestion of the trial court's calendar or (2) when it is sought by the government because of its lack of diligent preparation or its failure to obtain available witnesses. 18 U.S.C. § 3161(h)(8)(C). For all other situations the Act simply lists three factors which, along with unspecified others, must be considered by the trial court in determining whether, in its discretion, to grant the continuance. 18 U.S.C. § 3161(h)(8)(B). These specified factors include (1) whether the failure to grant the continuance would result in a miscarriage of justice; or (2) whether the case is so complex that it is unreasonable to expect adequate preparation within the time periods established by the Act; or (3) whether in a case where arrest precedes indictment, the delay after the grand jury proceedings have commenced is caused by the complexity of the factual determination to be made by the grand jury or by events beyond the control of the court or the government. 18 U.S.C. § 3161(h)(8)(B)(i), (ii), and (iii). As noted above, this list is by no means exhaustive; the Act indicates only what factors the trial court is obligated to consider, not what it is obliged to decide.

▮ Ultimately, the grant or denial of a continuance under the Speedy Trial Act remains a matter addressed to the sound discretion of the trial court, and the exercise of that discretion will not ordinarily be reviewed on appeal. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940). It is equally well-settled that a denial of a request for a continuance warrants reversal only upon a showing of an abuse of that discretion. *United States v. Jones*, 369 F.2d 217, 220 (7th Cir. 1966). Thus, the appellant is required to show that he suffered actual harm or prejudice as a result of the denial of his request for a continuance. *United States v. Miller*, 573 F.2d 388, 395 (7th Cir. 1978). Application of the principles cited above to the instant case compels the conclusion that the trial court's decision not to grant a continuance to the appellant manifests a legitimate exercise of judicial discretion within the guidelines of the Speedy Trial Act and that the appellant has failed to sustain his burden of showing substantial prejudice resulting from that decision.

With regard to the provisions of the Speedy Trial Act, it is clear that appellant's motion for a continuance could only be grounded upon a claim that the failure to grant the motion would result in a miscarriage of justice, since the case was neither of such a complex nature that adequate preparation was not possible under the time period established by the Act nor was there any inordinate delay between the commencement of the grand jury proceedings and the indictment. 18 U.S.C. § 3161(h)(8)(B)(ii) and (iii). However, the appellant failed to assert such a claim before the district court. The record shows that at the conclusion of the discussion on the appellant's motion, the district court did not directly deny the motion but instructed defense counsel:

> The case is recessed until eleven o'clock. If you want to try to make a proper record under the law and under the rules to take yourself out of the Speedy Trial Act, I will give you that opportunity.

Tr. at 33. There is no indication in the record that defense counsel ever availed himself of that opportunity.

Nor did the appellant make the requisite showing of prejudice as a result of the denial of the motion. Appellant's counsel asserted three grounds in support of his motion for a continuance of the trial. First, he argued that he was precluded from adequately conferring with the appellant prior to trial due to restrictions on his client's bond. This argument is specious. Appellant first appeared with trial counsel for arraignment in the district court on May 18, 1979, approximately six weeks prior to the scheduled trial date. Three days later, on May 21, 1979, the appellant posted bond, conditioned upon his remaining in the district. At no time prior to trial did appellant or his counsel request permission to modify that condition to permit appellant to travel to Chicago to confer with his counsel, nor does the record reflect any reason for counsel's failure to confer with appellant within the district. However, appellant did request at trial that his bond be modified to permit him to leave the jurisdiction and at the conclusion of the trial the district court granted the motion to permit appellant to leave the district for the sole purpose of conferring with his counsel in Chicago.

Appellant also argued that a continuance was necessary to permit him to prepare a change in defense strategy resulting from the disclosure two days prior to trial that plea agreements had been entered into between the government and two co-defendants. The assertion that the appellant was prejudiced because of insufficient time to effect such a change in strategy is unsupported in the record. On the contrary, the record reveals that defense counsel conducted an extensive and effective direct examination and cross-examination of the witnesses who testified at trial which exhibited a level of performance far exceeding the minimum standards of professional competence. *See United States v. Brugger*, 549 F.2d 2 (7th Cir. 1977).

Appellant's further argument that a continuance was required to obtain additional witnesses to impeach the two co-defendants

who testified as government witnesses is similarly without merit. The record discloses that several impeachment witnesses were called by the defendant to testify at trial. However, the record does not indicate any unsuccessful attempts by defense counsel to subpoena necessary witnesses during the five day period from the date counsel submitted his oral request for a continuance to the close of the case for the defense. Thus, the contention that the appellant did not call additional witnesses for any reason other than his own trial strategy is unsupported by the record.

Finally, the appellant cites two cases from the Eighth Circuit in support of his argument that the district court abused its discretion in denying the motion for a continuance. We find appellant's reliance on these cases to be misplaced. In both *United States v. Krohn*, 558 F.2d 390 (8th Cir.), *cert. denied*, 434 U.S. 868, 98 S.Ct. 207, 54 L.Ed.2d 145 (1977), and *United States v. Taylor*, 542 F.2d 1023 (8th Cir. 1976), the Court of Appeals found no abuse of discretion in the rulings appealed from the trial court. Moreover, the holdings in both cases stand for the proposition that in order to establish an abuse of discretion in the denial of a trial continuance, it must be shown that such a denial resulted in actual prejudice to the defendant's substantial rights by his inability to effectively prepare for trial. *Krohn, supra* at 394; *Taylor, supra* at 1025. The appellant in the case at bar, as in *Krohn* and *Taylor*, failed to make such a showing, and we therefore conclude that the district court did not err in denying the appellant's motion for a continuance.

### III

In his second argument on appeal, Aviles contends that there was insufficient evidence to establish a chain of custody concerning government exhibits 1, 2 and 3, and that the district court therefore erred in admitting these exhibits into evidence over his objection.

The standard for the admission of exhibits into evidence is that there must be a showing that the physical exhibit being offered is in substantially the same condition as when the crime was committed. This determination is to be made by the trial judge and may not be overturned but for a clear abuse of discretion. *United States v. Bridges*, 499 F.2d 179, 185 (7th Cir.), *cert. denied*, 419 U.S. 1010, 95 S.Ct. 330, 42 L.Ed.2d 284 (1974). We conclude that the exhibits were properly admitted into evidence.

Government exhibits 1, 2 and 3 consisted of powdered substances contained in plastic bags which were purchased by Sergeant Shireman and Agent Munson from Larry McMahan on March 28, 1979, April 3, 1979 and April 12, 1979, respectively. These three exhibits were analyzed by Indiana State Police Chemist O'Connor and found to contain the contraband, phencyclidine, which formed the basis of appellant's conviction on three counts of distributing phencyclidine.

These exhibits were sealed with red evidence tape in plastic evidence bags by Shireman following their purchase. The exhibits were then placed in his briefcase, which was placed in the trunk of his State Police automobile, and then delivered to the Indiana State Police laboratory. Exhibits 1 and 2 were purchased directly by Shireman and exhibit 3 was purchased by Agent Munson in the presence of Shireman and given by Munson to Shireman for delivery to the laboratory.

The chemist, O'Connor, received exhibits 1 and 2 directly from Shireman on March 29, 1979 and April 6, 1979 respectively. Exhibit 3 was delivered by Shireman to the evidence locker of the laboratory on April 16, 1979, and removed from that locker by O'Connor on April 17, 1979. When opened for analysis by O'Connor, the evidence seals were intact.

Appellant asserts that the chain of custody is inadequate because the record fails to disclose exactly when these exhibits were sealed in the evidence bag and what the weight of the contents was at the time of purchase and at the time of analysis. Notwithstanding the failure of the record

to address these details, where, as here, there is no evidence indicating that any tampering with the exhibits occurred, the presumption of regularity attends official acts of public officers and the courts presume that their official duties have been discharged properly. *See, e. g., Brewer v. United States,* 353 F.2d 260, 263 (8th Cir. 1965). Moreover, the government need not exclude all *possibilities* of tampering with evidence in order to establish a sufficient chain of custody. *United States v. Bridges,* 499 F.2d 179, 185 (7th Cir.), *cert. denied,* 419 U.S. 1010, 95 S.Ct. 330, 42 L.Ed.2d 284 (1974). The government need only show that it took reasonable precautions to preserve the original condition of the evidence. *United States v. Santiago,* 534 F.2d 768, 769 (7th Cir. 1976). If the trial judge is satisfied that in reasonable probability the evidence has not been altered in any material respect, he may permit its introduction. *United States v. Bridges, supra* at 185.

In this case, it is clear that the government took "reasonable precautions" to preserve the evidence in that Sergeant Shireman sealed each exhibit in an evidence bag after purchase and delivered them to the laboratory. Since the seals were intact when the evidence bags were opened by the chemist, the trial court could reasonably have found that the evidence was in substantially the same condition as when it was purchased. We therefore find no abuse of discretion in permitting the evidence to be admitted at trial over the appellant's objection.

### IV

For the foregoing reasons, the judgment appealed from is affirmed and the Clerk of this Court is directed to enter judgment accordingly.

Affirmed.