**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Carroll HOLT, Defendant–Appellant.**

**No. 03–6258.**

United States Court of Appeals, Sixth Circuit.

Aug. 17, 2004.

D. R. Smith, Asst. U.S. Attorney, U.S. Attorney's Office, Johnson City, TN, for Plaintiff–Appellee.

James R. Pryor, Greenville, TN, for Defendant–Appellant.

Before: SILER, MOORE, and COLE, Circuit Judges.

### ORDER

Carroll Holt, proceeding through counsel, appeals his judgment of conviction and sentence. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On September 25, 2001, Holt was charged in an 84–count superseding indictment with various drug-related offenses. The case was tried to a jury and on September 6, 2002, Holt was found guilty of conspiracy to distribute and possession with the intent to distribute 1,000 kilograms or more of marijuana and over five kilograms of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and 853; four counts of distribution of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); distribution of marijuana with a forfeiture allegation in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 853; four counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c); possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1); two counts of aiding and abetting the distribution of cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(C); and aiding and

abetting the possession with the intent to distribute marijuana in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(D).

Following the preparation of a presentence investigation report, the district court sentenced Holt to serve a total of 420 months of imprisonment, serve a total of five years of supervised release, and pay a special assessment in the amount of $1,500. In addition, the district court ordered the forfeiture of certain real property and currency in which Holt possessed an ownership interest.

Holt filed a timely appeal, in which he argues that: 1) the affidavit filed in support of the search warrants was insufficient to establish probable cause to search his business and residence; 2) the search warrant did not properly authorize the search of additional structures on his business property; 3) the returns on the search warrants were untimely; 4) the search warrants lacked particularity and were overbroad; 5) the district court abused its discretion when it admitted evidence "where there was a four (4) month break in the chain of custody;" 6) he was entitled to a judgment of acquittal and/or a new trial; and 7) he was entitled to a downward departure at sentencing.

■ We have considered each argument presented by Holt and, upon review, we conclude that they lack merit. First, the district court properly denied Holt's motion to suppress. *See United States v. Hill,* 195 F.3d 258, 264 (6th Cir.1999). Under the totality of the circumstances, the affidavit filed in support of the search warrants set forth sufficient probable cause to search Holt's business and residence, as the information contained in it indicated a fair probability that officers executing search warrants at those places would uncover evidence of criminal activity. *See*

*Illinois v. Gates,* 462 U.S. 213, 236–37, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

■ Second, the search warrants authorized the search of all buildings and vehicles located on Holt's business property. *See United States v. Bennett,* 170 F.3d 632, 638–39 (6th Cir.1999). The affidavit filed in support of the warrants indicated that at least one drug transaction occurred in the building located behind Holt's business, the confidential informant observed drugs inside vehicles located on the business property, and the search warrants specifically identified any outbuildings and vehicles to be included in the search of Holt's business.

Third, the returns on the search warrants were timely, as the government had requested, and had been granted, an extension of time within which to file them. Even if the returns could be considered untimely, the failure to file a prompt return will not invalidate the search warrants or require suppression of any evidence obtained as a result of their execution. *See United States v. Dudek,* 530 F.2d 684, 688 (6th Cir.1976); *Rose v. United States,* 274 F. 245, 250–51 (6th Cir.1921).

■ Fourth, the search warrants described the items to be searched for and seized with sufficient particularity and were not overbroad. While the warrants listed certain generic types of evidence, they instructed the officers to seize only items related to drug trafficking activities. When a certain category of items to be searched for and seized has been adequately described, "the Fourth Amendment is not violated because the officers executing the warrant must exercise some minimal judgment as to whether a particular [item] falls within the described category." *United States v. Ables,* 167 F.3d 1021, 1034 (6th Cir.1999) (quoting *United*

States v. Riley, 906 F.2d 841, 845 (2d Cir.1990)).

 Fifth, the district court did not abuse its discretion by admitting eleven bags of marijuana into evidence. *See United States v. Brown,* 367 F.3d 549, 554 (6th Cir.2004). The placement of the marijuana in storage for four months is not sufficient to break the chain of custody where there is no evidence that the marijuana "is not what it purports to be" as a result of some material alteration. *See United States v. Howard–Arias,* 679 F.2d 363, 366 (4th Cir.1982) (quoting *United States v. Jackson,* 649 F.2d 967, 973 (3d Cir.1981)). Furthermore, Holt has made no showing of any irregularities that might have occurred in the routine police procedures for handling and storing evidence. *See United States v. Aviles,* 623 F.2d 1192, 1198 (7th Cir.1980).

Sixth, the district court properly denied Holt's motion for a judgment of acquittal or a new trial because sufficient evidence was presented for a reasonable juror to find Holt guilty of the conspiracy counts. *See United States v. Keeton,* 101 F.3d 48, 52 (6th Cir.1996). Moreover, the district court did not abuse its discretion when it denied Holt's motion for a new trial, *see United States v. Pierce,* 62 F.3d 818, 823 (6th Cir.1995), because this is not an extraordinary case "where the evidence preponderates heavily against the verdict." *United States v. Ashworth,* 836 F.2d 260, 266 (6th Cir.1988).

Seventh, we may not review the district court's discretionary decision not to depart downward under USSG §§ 4A1.3 and 5K2.0. *See United States v. McGahee,* 257 F.3d 520, 531–32 (6th Cir.2001); *United States v. Moore,* 225 F.3d 637, 643 (6th Cir.2000). The record indicates that the district court was aware of its legal authority to depart downward. However, the court determined that a downward depar-ture was not warranted and sentenced Holt to serve a term of imprisonment within the applicable guidelines range for his offense and career offender status.

Accordingly, we affirm the district court's judgment.