# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1958

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Michael James Constantine, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 20, 2011
Filed:  March 26, 2012

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

Michael James Constantine was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  At his trial, the government called a previously undisclosed witness to testify that when police approached Constantine's vehicle prior to arresting him, they observed him "digging" in the car to retrieve or stash a gun.  After the jury found Constantine guilty, the district court[1] sentenced him as an Armed Career Criminal based on his prior convictions for more than three

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

violent felonies, pursuant to 18 U.S.C. § 924(e). He was sentenced to 215 months' imprisonment. Constantine objected at trial to both the admission of the witness's testimony and his sentence, and now appeals. We reject his challenges and affirm the district court.

## I. Background

On November 18, 2009, St. Paul police arranged a sting operation to arrest Constantine, whom they suspected of illegally possessing firearms. As a part of the sting, an informant made several phone calls to arrange for Constantine to sell a small handgun to another man, Derrick Vall. At an agreed-upon time, Constantine and Vall got into a car together, with Vall driving and Constantine in the passenger seat. A police surveillance team followed them and eventually stopped the car. Though Constantine and Vall initially denied that there were guns in the car, police searched and found a gun Constantine was planning to sell to Vall. After finding the gun, police arrested Constantine for illegal possession of a firearm. In the police report accompanying the arrest, one of the arresting officers, Officer Mark George Nelson, simply notes that officers found the gun on the floor of the vehicle, without giving more details about its location.

At trial, Nelson testified not just that officers found the gun on the car floor, but that police found it under the passenger seat. This testimony was significant because it suggested that the gun was Constantine's rather than Vall's, and that at the time of the arrest, Constantine had been attempting to hide it from police. After Nelson testified, the government called Officer Ian Kough, a last-minute replacement for another officer who had a scheduling conflict. Though not entirely clear from the record, it appears that the Government did not disclose to Constantine that it would call Kough before he took the stand. Therefore, according to Constantine's attorney, before Kough took the stand, Constantine's attorney "did not know who Kough was, and had never received any discovery from the government related to what Officer Kough would say in his testimony."

-2-

When he took the stand, Kough gave the following testimony:

> As we were approaching [the car], I heard other officers yelling: He is digging. He is digging. I could see the front passenger's head dipping down and one of his shoulders was lower than the other. It appeared the person was reaching into the floorboards or underneath the seat to conceal something or get something from that area.

After the government questioned Kough, Constantine conducted a cross-examination. His questioning specifically centered on Kough's memory and why neither Kough nor the police report previously mentioned Constantine reaching under the seat. Later, outside the presence of the jury, Constantine moved to strike Kough's testimony or alternatively, for the court to declare a mistrial. The district court commented that it did not entirely approve of the Government's failure to inform Constantine about the content of Kough's testimony, but reserved judgment on the motion until the end of trial, when it would be clear how the testimony affected the trial.

At the close of evidence, the court revisited Constantine's motion to strike Kough's testimony or declare a mistrial. It found that, even viewing the facts most favorably to Constantine, "Defendant received a fair trial from a fair and impartial jury" and that "[t]he interests of justice do not require or otherwise obligate the Court to grant Defendant's motion for a new trial." The jury then found Constantine guilty of being a felon in possession of a firearm.

At the time of sentencing, Constantine had five prior convictions for burglaries of commercial buildings in Minnesota and Wisconsin. The pre-sentence report (PSR) concluded that, on the basis of these burglaries, Constantine was subject to 18 U.S.C. § 924(e)(1). Section 924(e)(1) imposes on any person who has three prior convictions for a "violent felony or a serious drug offense" a fifteen-year statutory minimum sentence. Because Constantine was subject to § 924(e)(1), his offense level was elevated to 33, a statutory minimum sentence of 180 months applied, and the

Guidelines range for his sentence was 235 to 293 months. Had § 924(e)(1) not applied, Constantine's offense level would have been 28, and the Guidelines range for his sentence would have been 140 to 175 months. The district court acknowledged the PSR's recommendation and the application of § 924(e)(1) to Constantine, and sentenced Constantine to 215 months in prison. This appeal followed.

## II. Discussion

### A. The Admission of Kough's Testimony

Constantine first challenges the district court's failure to either grant his motion to strike or declare a mistrial after Kough's testimony. At trial, Constantine phrased his objection in terms of Federal Rule of Evidence 403, but the substance of his argument centers on the government's failure to disclose the fact or content of Kough's testimony before the witness took the stand. "We review the district court's evidentiary ruling for clear abuse of discretion, and will not reverse if the error was harmless." United States v. Hyles, 479 F.3d 958, 968 (8th Cir. 2007) (citations omitted).

Although a district court may order disclosure, "criminal defendants have no right in noncapital cases to require disclosure of the list of government witnesses under Fed. R. Crim. P. 16(a)." United States v. White, 750 F.2d 726, 728 (8th Cir. 1984); see also United States v. Krohn, 558 F.2d 390, 394 (8th Cir. 1977). Cf. 18 U.S.C. § 3432 (creating such a right in "treason or other capital offense" cases). In Krohn, the defendant objected to the government's last-minute change in its witness list. The government had not disclosed the identity of the new witnesses as it was not known whether they would be available to testify until the day before the trial. In that case, we did not find the district court's refusal to strike the testimony to be an abuse of discretion because the defendant had no automatic right to disclosure beforehand. Krohn, 558 F.2d at 394. We also noted that the appropriate remedy "[w]hen time is

needed to properly utilize new information produced during trial or immediately before trial [is for] the defendant [to] request a continuance." Id.

Because this is a non-capital case, Constantine did not have an automatic right to advance disclosure of the government's witnesses. Furthermore, like in Krohn, Constantine did not request a continuance when the government called Kough to testify. Rather, he waited until after Kough's testimony and cross-examination. Only then did Constantine move to either strike the testimony or for a mistrial. The district court was well within its discretion to deny both of those motions.

Furthermore, a district court does not abuse its discretion in such circumstances unless the defendant shows the lack of disclosure prejudiced his substantial rights. United States v. Washington, 318 F.3d 845, 857–58 (8th Cir. 2003). A district court may avoid substantial prejudice and the necessity of disclosure by either allowing the defendant to review the evidence before trial, id. at 857, or by allowing the defendant "ample opportunity for cross-examination." United States v. Barnes, 486 F.2d 776, 779 (8th Cir. 1973).

Constantine has not shown that the government's failure to disclose its witness caused him substantial prejudice. Like in Barnes, Constantine had a full opportunity to cross-examine Kough. Even if the cross-examination was not as well-prepared or as smooth as it might have been had the government disclosed the substance of Kough's testimony, Constantine was nonetheless still able to impeach Kough's credibility. Constantine specifically highlighted the inconsistencies between Kough's statements and the police report about where the gun was when officers arrested Constantine. While on the stand, Kough claimed he remembered Constantine "digging" around in the car for the gun, but neither he nor the initial police report had mentioned that detail before. In any event, the issue is not whether the defendant was actually able to effectively cross-examine a government witness, but whether he had ample *opportunity* to do so. Id. at 779. In this case, Constantine had that opportunity, either by cross-examining the witness on the spot, as counsel chose to do, or by

-5-

requesting a continuance from the court in order to better prepare a cross-examination.

The district court also did not abuse its discretion by refusing to strike Kough's testimony or declare a mistrial. First, the evidence is not inadmissible hearsay. The Federal Rules of Evidence makes hearsay inadmissible, subject to several exceptions. In this case, the District Court found that the key part of Kough's testimony was hearsay, but held that this hearsay was nevertheless admissible under the Excited Utterance exception. The declarant yelled "He is digging. He is digging." This statement related "to a startling event or condition, made while the declarant was under the stress or excitement that it caused." Fed. R. Evid. 803(2). The district court was fully within his discretion to make this determination.

The evidence is also not inadmissible under Fed. R. Evid. 403. This rule allows the district court to exclude relevant evidence whose "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403 is a discretionary rule, and "[w]hen balancing the prejudicial effect and probative value under [R]ule 403, we give great deference to the district court's ruling." United States v. Banks, 553 F.3d 1101, 1107 (8th Cir. 2009) (internal quotation marks omitted). In this case, Constantine has failed to point to any unfair prejudice. Thus, the district court was well within its considerable discretion to deny Constantine's motion to exclude this evidence.

B. Constantine's Sentence

Constantine was sentenced under 18 U.S.C. § 924(e)(1), which imposes a fifteen-year minimum sentence for any person convicted of being a felon in possession of a firearm who has at least three previous convictions for a "violent felony." The statute defines "violent felony" in relevant part as "any crime punishable

by imprisonment for a term exceeding one year . . . that . . . is burglary." 18 U.S.C. § 924(e)(2)(B)(ii). Constantine claims that his previous convictions were not for "violent felon[ies]" because "burglary" should not include burglary of a commercial building, but should be limited only to burglary of a residential building. Constantine has been convicted four times of third-degree burglary in Minnesota, each time for burglary of commercial, not residential, buildings.

We have repeatedly held that the term "burglary" in § 924(e)(2)(B)(ii) includes commercial as well as residential burglaries. See United States v. Blahowski, 324 F.3d 592, 594–95 (8th Cir. 2003); United States v. Hascall, 76 F.3d 902, 906 (8th Cir. 1996). We have also already decided, as recently as 2009, that Minnesota's third-degree burglary statute, under which Constantine was repeated convicted, qualifies as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii). United States v. Sonczalla, 561 F.3d 842, 846 (8th Cir. 2009) (citing Taylor v. United States, 495 U.S. 575, 598 (1990)). On the basis of these decisions, the district court correctly found that Constantine was subject to a fifteen-year minimum sentence under § 924.

Accordingly, we affirm the district court.

_____