**UNITED STATES of America, Appellee,**

v.

**Arzell PHILLIPS, Jr., Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Dannie Mitchell WALKER, Appellant.**

**Nos. 79–1321, 79–1322.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1979.

Decided Oct. 24, 1979.

Jewell Brown, Little Rock, Ark., for appellant, Phillips.

Manuel L. Pruitt, Little Rock, Ark., for appellant, Walker.

Richard M. Pence, Jr., Asst. U. S. Atty., Little Rock, Ark., for appellee, United States in both cases; W. H. Dillahunty, U. S. Atty., Little Rock, Ark., on both briefs.

Before BRIGHT, Circuit Judge, MARKEY, Chief Judge,* and HENLEY, Circuit Judge.

HENLEY, Circuit Judge.

These are appeals from judgments of conviction and sentences imposed by the United States District Court for the Eastern District of Arkansas following jury verdicts finding defendant Phillips and his co-defendant Walker guilty of aggravated robbery of the Wilmar branch of the Union Bank and Trust of Monticello, Arkansas in violation of 18 U.S.C. § 2113(a) and (d). The court sentenced defendant Phillips to twelve years imprisonment and sentenced defendant Walker to ten years imprisonment. We affirm.

The indictments charged that on or about October 26, 1978 defendant Phillips accompanied by defendant Walker committed the offense of aggravated bank robbery by taking by intimidation money from the Union Bank. Defendant Walker claimed that he did not participate in the bank robbery while defendant Phillips contended that he had no intent to rob the bank, but rather was compelled to commit the robbery by an alleged kidnapper of his three year old son. To help refute defendant Phillips' duress defense, the government introduced a handwritten note removed from defendant Phillips' wallet after he was arrested. The note appeared to be a checklist for a robbery, or at least it could be so interpreted. The note was taken from defendant Phillips after he turned himself in to the Little Rock office of the Federal Bureau of Investigation. When Phillips was placed under arrest an FBI agent conducted a search requiring defendant to take his personal property from his person and place it on a table. Somewhat later defendant's personalty was placed in an envelope and delivered to another agent who, outside the presence of the defendant, searched Phillips' wallet and removed the note. The district court admitted the note as having been lawfully obtained during a search and inventory incident to a lawful arrest. Defendant Phillips argues the note was inadmissible as having been taken in violation of his fourth amendment rights. We do not agree.

■ We note that in *United States v. Matthews,* 603 F.2d 48 (8th Cir. 1979), this court upheld a district court's admission into evidence of currency seized from defendant's billfold after his arrest. Earlier, in *United States v. Swofford,* 529 F.2d 119 (8th Cir. 1976), this court upheld the admission into evidence of seven slips of paper found in defendant's wallet after a delayed search of defendant's person at the FBI office following his lawful arrest. Both cases comported with recent Supreme Court precedent; for the Court has not only held that "in the case of a lawful custodial arrest a full search of the person is . . . an exception to the warrant requirement of

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

the Fourth Amendment," and "a reasonable search under the Amendment," *United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973); *see United States v. Edwards,* 415 U.S. 800, 804, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); *Gustafson v. Florida,* 414 U.S. 260, 266, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973), but also that a search of arrestee's person incident to a lawful arrest does not violate the fourth amendment even if a substantial period of time has elasped between the arrest and subsequent taking of property. *United States v. Edwards, supra,* 415 U.S. at 807, 94 S.Ct. 1234. We thus conclude that the note taken from Phillips' wallet clearly was admissible in evidence.

■ Defendant Phillips further argues that the trial court abused its discretion by refusing to grant his motion for a continuance after he was surprised by the testimony of an expert witness. In a laboratory report, the expert allegedly said he could not identify the second figure with defendant Phillips in a photograph taken by bank surveillance cameras. At trial, however, the expert said the second figure with defendant Phillips was probably defendant Walker.

While there is a variation of sorts between the laboratory report and the testimony of the witness, that variation was fully exploitable on cross-examination and in the circumstances we are unable to say that any surprise generated by the testimony was of such significance as to call for a continuance.

■ Finally, regarding Phillips, this court rejects the contention that the evidence was insufficient to support the verdict of aggravated robbery because Phillips did not have the intent to rob the bank and because defendant's gun was unloaded. The jury, responsible for determining the credibility of witnesses, did not act unreasonably in rejecting defendant's contention that he had no intent to rob the bank.

Further, based on the evidence, an inference that defendant's gun was loaded is justifiable, for a weapon, likely used in the bank robbery, was found in defendant Walker's home loaded with one cartridge.

■ Defendant Walker also argues that the district court erroneously found him guilty of bank robbery. First, defendant Walker argues that the district court erred in denying his motion for acquittal based on alleged insufficient evidence. Defendant Walker notes that neither the individuals present at the bank robbery, his co-defendant, nor the owners of the stolen car used in the robbery identified defendant Walker as a participant in the bank robbery. Defendant Walker claims the government's case rested entirely on expert witness testimony and none of the government's expert witnesses was absolutely certain that defendant Walker participated in the bank robbery.

We, however, do not find the trial court's action to have been in error. Indeed, the government presented substantial evidence establishing defendant Walker's guilt. First, the stolen car used in the bank robbery was found in the possession of defendant Walker's wife. The car contained a pillowcase similar to the one used in the bank robbery. Second, an expert testified that the blue jeans and tennis shoes found in defendant Walker's house were probably the same items worn by defendant Phillips' accomplice in the robbery. Third, the pistol recovered from defendant Walker's house was similar in style to the pistol used by defendant Phillips. And finally, an expert testified that nylon fibers found on the bank's floor were microscopically similar to fibers found on defendant Walker's cap, blue jeans recovered from defendant Walker's house, and a pillowcase found in defendant Walker's car.

■ Defendant Walker further contends that the trial court should have granted his motion for severance. Again, we cannot agree. Ordinarily, defendants should be tried together if they are jointly indicted on similar evidence from the same or related events. *United States v. Wofford,* 562 F.2d 582, 585 (8th Cir. 1977), *cert. denied,* 435 U.S. 916, 98 S.Ct. 1471, 55 L.Ed.2d 507 (1978). In the present case, the

evidence of guilt of each defendant was based upon the same event and their defenses were somewhat interrelated. Thus, we cannot say the trial court abused its discretion.

After careful consideration of the issues raised by defendant Phillips and defendant Walker, we have determined that the record fully supports the findings of the trial court and the judgments of conviction. Therefore, the judgments appealed from are affirmed.