**UNITED STATES of America, Appellee,**

v.

**Dannie Mitchell WALKER, Appellant.**

**No. 80–1856.**

United States Court of Appeals,
Eighth Circuit.

Jan. 28, 1981.

Henry J. Osterloh, Little Rock, Ark., for appellant.

George W. Proctor, U. S. Atty., Richard M. Pence, Jr., Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Dannie Mitchell Walker appeals the district court's[1] dismissal of his 28 U.S.C. § 2255 action without an evidentiary hearing. We affirm the district court.

On March 16, 1979, Walker was convicted by a jury of aggravated bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Co-defendant Arzell Phillips, Jr. was convicted of the same crime in a single trial proceeding.[2] Walker was represented by retained counsel at trial. This Court affirmed both convictions on direct appeal. *United States v. Phillips,* 607 F.2d 808 (8th Cir. 1979). We rejected Walker's claims that: (1) there was insufficient evidence to support his conviction; and (2) the district court erroneously refused to grant a trial severance. *Id.* at 810–11.

On April 21, 1980, Walker, by a different attorney, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The section 2255 motion alleged four grounds for relief: (1) the conviction was obtained by evidence secured by an unconstitutional search and seizure; (2) the conviction was obtained through the use of an expert wit-

---

1. The Honorable Richard S. Arnold, then United States District Judge for the Eastern District of Arkansas. Judge Arnold is now a member of this Court.

2. Phillips was sentenced to twelve years of imprisonment and Walker received a ten year prison term.

ness who testified "outside the area of his expertise and to conjecture rather than scientific fact;" (3) Walker was denied effective assistance of counsel; and (4) this Court, in affirming Walker's conviction on direct appeal, "misread the transcript and based part of their findings on erroneous information."

The district judge, who also presided at Walker's criminal trial, denied section 2255 relief without an evidentiary hearing on August 11, 1980. The court: (1) flatly rejected Walker's four contentions; (2) determined that the files and records of the case conclusively showed that Walker was entitled to no relief; and (3) denied the petition with prejudice. Walker filed a timely notice of appeal.

Walker's brief in this Court, although disputing the propriety of the district court's dismissal without an evidentiary hearing, essentially reasserts three of the four grounds specified in his section 2255 motion. We will discuss each ground separately.

■ Walker's search and seizure claims are plainly without merit. The record reveals that three searches were effected by law enforcement officials. First, two state police officers searched Walker's residence on October 27, 1978. That search was clearly legal because Walker's wife signed a written search consent form and the validity of her consent was apparently never contested. Second, based on the affidavit of an FBI agent, United States Magistrate Robert Faulkner issued a search warrant on October 28, 1978 for Walker's 1977 Pontiac LeMans automobile. Finally, United States Magistrate W. H. McClellan issued a second search warrant for Walker's LeMans automobile on November 1, 1978.[3]

In a pretrial order filed February 14, 1979, the district court denied Walker's motion to suppress the fruits of the three searches; the court concluded that the affidavits submitted in support of the two search warrant applications were "ample, even meticulous, in their detail." The court stated that no evidentiary hearing on the suppression motion's merits appeared necessary, but it nevertheless gave Walker an opportunity to dispute the validity of his wife's search consent of their home or request an evidentiary hearing—on any evidentiary matter—if he so desired. Indeed, the district court scheduled a hearing to begin, if necessary, immediately before the criminal trial proceedings.

In his opinion dismissing Walker's section 2255 motion, the district court quickly rejected the search and seizure claims. Our examination of the record, particularly the consent form, the warrants and the accompanying affidavits, confirms the district court's conclusion that Walker cannot seriously contest the legality of the three searches. We therefore hold that Walker's search and seizure claims do not warrant section 2255 relief.

■ Walker appears to abandon his claim that an expert witness' testimony was improper because his brief does not address it. Walker argued below that a government expert witness, Barry L. Mones, testified merely on the basis of speculation concerning certain physical evidence linking Walker to the bank robbery. The district court held that this claim only affects the weight of the witness' testimony, and that this issue was properly argued to the jury at trial. We agree, and conclude that this claim does not justify section 2255 relief.

■ Walker specifies two alleged failures by his trial counsel: (1) failure to call Mrs. Walker as a defense witness; and (2) refusal to file a writ of certiorari in the Supreme Court from this Court's decision on direct appeal. In our view, the district court properly rejected these claims. Trial counsel's affidavit, made in response to Walker's charges, more than adequately explains the reasons for trial counsel's litigation decisions in Walker's case.

---

**3.** The district court's February 14, 1979 pretrial order incorrectly stated that Magistrate Faulkner issued the November 1, 1978 search warrant. W. H. McClellan is presently the Clerk of Court for the United States District Court for the Eastern District of Arkansas, but he was a fully authorized part-time United States Magistrate at the time he issued the second search warrant on November 1, 1978.

To obtain section 2255 relief on the ground of counsel ineffectiveness, petitioner must demonstrate that the attorney did not exercise customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. *See, e. g., Smith v. United States,* 635 F.2d 693 at 697 (8th Cir. 1980). The file clearly reveals that trial counsel's representation was most diligent and we conclude that Walker's claims of ineffective counsel lack merit.

■ On direct appeal, this Court rejected Walker's claim that his conviction was not supported by substantial evidence. *United States v. Phillips, supra,* 607 F.2d at 810. We stated that "the stolen car used in the bank robbery was found in the possession of defendant Walker's wife." *Id.* Walker correctly argues that this factual statement is incorrect. Actually, the stolen automobile, which was used as the "getaway car," was destroyed after the robbery. However, personal property from the stolen car was found in the trunk of the Walker car driven by Mrs. Walker.

The government argues that the evidence at trial was more than adequate to support Walker's conviction and the district court held that our opinion's misstatement was insignificant. We regret our error, but after careful examination of the record, we nevertheless conclude that the misstatement does not justify section 2255 relief. The fact that Walker's automobile trunk was found to contain certain items taken from the stolen car was nearly as damaging to Walker's position as it would have been had Walker been found in possession of the stolen car.

■ Section 2255 motions may not be dismissed without an evidentiary hearing unless the files and records of the case conclusively show that petitioner is entitled to no relief. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *United States v. Unger,* 635 F.2d 688 at 691 (8th Cir. 1980); 28 U.S.C. § 2255. The district court correctly dismissed Walker's section 2255 proceeding without an evidentiary hearing.

Affirmed.