UNITED STATES of America, Appellee,

v.

Robert E. MANN, Appellant.

No. 88–2085.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1989.

Decided June 13, 1989.

Rehearing Denied July 13, 1989.

Joseph Howlett, Clayton, Mo., for appellant.

Patricia A. McGarry, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Robert Mann appeals from the sentence imposed for his conviction of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). The only issue on appeal is whether the district court properly applied the Sentencing Guidelines with respect to the quantity of cocaine involved. Mann's activities were uncovered when Mark Crismon, who was arrested with 82.09 grams of cocaine, informed Drug Enforcement Administration agents that he had obtained the cocaine from Mann. Three days later Crismon set up another transaction with Mann in cooperation with DEA agents, and Mann was arrested with 60.04 grams of cocaine in his possession. In applying the Guidelines for sentencing, the district court considered the 82.09 grams of cocaine seized from Crismon in addition to the 60.04 grams seized from Mann. Mann argues that the district court erred in considering the cocaine seized from Crismon. Mann did not assert that he had been denied due process in the trial court, nor does he make that assertion here. We affirm the judgment of the district court.[1]

**1.** The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

Initially, an informant introduced a DEA undercover agent to Mark Crismon, who sold the agent cocaine. Crismon was arrested, and laboratory analysis of the cocaine determined its net weight to be 82.09 grams; no evidence disputing this amount was offered by the appellant. Crismon informed the agents that he obtained the cocaine from Mann and agreed to cooperate in obtaining additional quantities from Mann; again, no evidence to the contrary was introduced. Three days later, Crismon, along with an agent, went to Mann's residence to conduct another transaction. The agent observed a scale, a grinder system and four plastic bags of white powder. Mann informed them that each bag contained one-half ounce of cocaine, and that the price for one ounce was $2,000. The agent then handed $4,000 to Mann, who was immediately arrested. Laboratory analysis revealed the cocaine to have a net weight of 54.28 grams. Additionally, 5.75 grams of cocaine and 14.25 grams of marijuana also were found on the premises. A total of 60.04 grams of cocaine was seized from Mann at this time.

Mann was indicted under 21 U.S.C. § 841(a)(1), charging him only with the sale of 60.04 grams of cocaine seized at the time of his arrest, and found guilty by a jury. In sentencing Mann for this conviction under the Guidelines, the court included the quantity of cocaine seized from Crismon in addition to that obtained directly from Mann. Based upon a total of 142.2 grams of cocaine, the district court determined that the base offense level under the Guidelines was 18. The court credited Mann with two levels for acceptance of responsibility, resulting in a final offense level of 16. The range called for was 21 to 27 months and Mann was sentenced to 27 months.

On appeal Mann argues that the district court erred in considering the cocaine seized from Crismon. Mann argues that the only evidence presented concerning this cocaine was that from the agent who testified that Crismon said that he purchased it

from Mann, as Crismon himself did not testify and the cocaine was not produced in court. Mann stresses that since he was not charged with the purchase of this cocaine in the indictment, this evidence should not have been used in sentencing. Mann's counsel rhetorically asks, if the agent had testified that "Crismon said Mann had a ton of cocaine," would a term of life imprisonment have been required? Mann further argues that under section 1B1.3 of the Guidelines, there was no evidence of a common scheme or plan or course of conduct so as to require a grouping of the two sales of cocaine to Crismon under section 3D1.2(d). Therefore, Mann contends his offense level, based on 60.04 grams of cocaine, should be 14, which requires only a sentence of 15 to 21 months.

Congress in its wisdom has determined that sentencing in criminal offenses shall be through application of the Sentencing Guidelines. In the situation before us we have a procedure involving two separate steps. The district court must first apply the offense guideline in Chapter 2 most applicable to the offense of conviction. *See* section 1B1.2(a). The court must then determine the appropriate Guideline range by considering any specific offense characteristics and any other sentencing factors pursuant to the relevant conduct definition in section 1B1.3. *See* section 1B1.2(b). For drug offenses, the base offense level is as specified in section 2D1.-1(a)(3). The application note to section 2D1.1 states: "Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level. *See* section 1B1.3(a)(2) (Relevant Conduct)." Section 1B1.3(a)(2) allows for the consideration of "all such acts ... that were part of the same course of conduct or common scheme or plan as the offense of conviction."

Mann argues that there is no evidence of a common scheme or plan with respect to the two sales of cocaine. After reviewing the record, however, we have no difficulty concluding that the Guidelines were properly applied in this case. First the evidence demonstrates that Mann had a working relationship with Crismon. The DEA agent testified that Crismon said he had obtained the 82.09 grams of cocaine from Mann. The agent further testified that three days later, when Crismon and the agent made the additional purchase at Mann's residence, Crismon made first name introductions, and Mann offered drinks and drugs to the agent and Crismon. According to the agent, Mann then stated "this stuff is different," and he agreed to reduce by $100 the price of each ounce in the future. This evidence is sufficient to demonstrate that the sale of cocaine to the agent by Mann was part of the same course of conduct or common scheme as the sale to Crismon three days earlier.

Further, the Guidelines make clear that in determining the applicable range, multiple convictions are not required. Section 1B1.3 of the Guidelines states that the conduct relevant in deciding the guideline range includes:

all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense.

Application Note 2 as contained in the commentary to section 1B1.3 further explains that "[m]ultiple convictions are not required." Mann, who aided and abetted Crimson in the sale of cocaine by supplying him with cocaine, may therefore be held fully accountable for the 82.09 grams of cocaine he originally sold to Crimson, even though Mann was not indicted or convicted for this earlier offense. We affirm the judgment of the district court.