**UNITED STATES of America,
Appellee/plaintiff,**

v.

**John HOLLAND, Appellant/defendant.**

No. 88–5339.

United States Court of Appeals,
Eighth Circuit.

Submitted March 17, 1989.

Decided Aug. 29, 1989.

---

Michael B. Crew, Sioux Falls, S.D., for appellant/defendant.

Lonnie Bryan, Rapid City, S.D., for appellee/plaintiff.

Before FAGG and BEAM, Circuit Judges, and GUNN,[*] District Judge.

GUNN, District Judge.

Appellant-defendant John Holland appeals his six-count conviction and guidelines sentence for possession, possession with intent to distribute, distribution and conspiracy to possess with intent to distribute and distribution of d,1-amphetamine. His appeal raises the following issues: 1) the validity of the search warrant of his residence; 2) testimony regarding chemical analysis; 3) the sufficiency of the evidence; 4) the constitutionality of the Federal Sentencing Guidelines; and 5) whether the Guidelines were properly applied.

The Court affirms the judgment of the District Court.[1]

The defendant and 16 other individuals were indicted for violating various provisions of Title 21 of the United States Code arising out of illegal drug activities. Prior to trial all other defendants pleaded guilty to offenses charged, and defendant likewise had declared his intention to plead. However, four days before his scheduled trial date, defendant announced his intention to proceed to trial before a jury. The jury convicted him of the six counts charged.

The offenses for which defendant was convicted involved separate acts, some occurring before and some after November 1, 1987—the critical date for application of the Federal Sentencing Guidelines. The trial court therefore imposed dual sentences. On the counts involving acts after November 1, 1987, the court applied the guidelines and imposed a sentence of 204 months which is within the range as recommended in the presentence report at the offense level of 39.

### I. The Search Warrant

Pursuant to one of four separate warrants issued simultaneously by a United States Magistrate at the behest of a D.E.A. agent, law enforcement agents searched defendant's residence and found and seized amphetamines, drug paraphernalia and related evidence of drug activities.

Defendant asserts that the trial court erred in denying his motion to suppress evidence seized through the utilization of the warrant. His argument in this regard is twofold: first, he contends that the affidavit submitted by the D.E.A. agent in support of the request for the warrant failed to establish sufficient probable cause for its issuance; second, defendant submits that as the magistrate simultaneously executed four similar search warrants for the co-conspirators' residences based on lengthy affidavits containing the same information, the requisite neutrality and detachment of the issuing judicial officer were not present.[2]

Neither of these arguments has merit. Defendant offers no allegation that the search warrant applicable to his residence was facially invalid nor that the affiant attested to facts which he knew or should have known were untrue. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) speaks precisely to this issue. The fourth amendment does not require exclusion of evidence seized pursuant to a facially valid search warrant if law enforcement officers executing the warrant have no other reason to suspect its validity. This is so albeit a later determination is made that the warrant was issued on less than probable cause. *Leon*, 468 U.S. at 922, 104 S.Ct. at 3420. Defendant does not argue that the warrant was obtained by bad faith act or that the seizing agents acted beyond its scope. *Leon* is therefore

---

[*] The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

[1]. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

[2]. The affidavits were 39 pages in length and, except for the final page, contained essentially the same information.

apropos to the circumstance here, and defendant's probable cause argument is unavailing.

The mere fact that the magistrate issued four warrants simultaneously based on similar affidavits does not provide evidence of lack of neutrality or detachment. The affidavits described in great detail the results of an exhaustive investigation of a conspiracy of the four individuals involved, including the defendant. The magistrate's action was not a "mere ratification of the bare conclusions of others." *Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1982). It is certainly not the "unusual case" for imposition of the exclusory rule as contemplated in *Leon*. *Leon* at 918, 104 S.Ct. at 3418.

## II. Admission of Chemical Analysis

■ During the search of defendant's residence, police seized a centrifuge tube containing a residue of white powder. The police chemist determined that the powder was d,1-amphetamine. This formed a basis for the charge against defendant of possession of a controlled substance.

During the first day of trial, after informing defendant of its intent to do so, the government gave the exhibit of tube and residue to the police chemist for analysis. On the second day of trial, the chemist, over defendant's objection, was permitted to state the results of his analysis. Defendant then requested a continuance ostensibly for the purpose of obtaining his own analysis of the tube's residue. The request was denied.

Defendant argues that the government's action does not comport with the spirit of Rule 16(a)(1)(D) Fed.R.Crim.P. requiring disclosure of evidence to be used against him.

The rubric that the trial court is entrusted with wide discretion in matters of discovery applies, and any error in administrating discovery rules is not reversible unless prejudicial to the substantial rights of the defendant. *United States v. Bailey*, 550 F.2d 1099, 1100 (8th Cir.1977), citing *United States v. Cole*, 453 F.2d 902, 904 (8th Cir.), *cert. denied*, 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972). There was no abuse of discretion nor substantial prejudice to defendant's rights by the trial court's actions in admitting the tube and residue.

The government's evidence, including the tube with its residue, was always available to defendant for examination and analysis any time after its seizure, and defendant was informed of its availability to him. But defendant did not avail himself of the opportunity. The fact that the government did not deliver the exhibit to its chemist until time of trial did not hamper defendant's ability to make an independent analysis.

Fed.R.Crim.P. 16(a) does not require disclosure of prospective witnesses, and, too, defendant could have anticipated that a chemical analysis by an expert witness would be a part of the government's case. Certainly, the identity of a particular expert witness would not be of significance. *United States v. Krohn*, 558 F.2d 390, 394 (8th Cir.), *cert. denied*, 434 U.S. 868, 98 S.Ct. 207, 54 L.Ed.2d 145 (1977). Although rules of discovery require disclosure of scientific reports, Fed.R.Crim.P. 16(a)(1)(D), the report did not exist until the first day of trial, at the earliest, and the government was prompt in providing a copy of it to defendant. So there was no unfair surprise, abuse of substantial rights, or abuse of discretion in the trial court's action in allowing the testimony of the police chemist.

Finally, with regard to this issue, there was no abuse of the trial court's substantial discretion in denying defendant's midtrial request for continuance. *United States v. Pruett*, 788 F.2d 1395, 1396 (8th Cir.1986); *United States v. Phillips*, 607 F.2d 808, 810 (8th Cir.1979). Defendant could not have been surprised by the expert witness or his testimony.

## III. Sufficiency of the Evidence

■ Defendant argues that the amount of controlled substance found in the vial in his residence was so quantitatively deficient that he could not have known that the

vial contained an illegal substance. Hence, argues the defendant, the government failed to establish the essential element of knowledge.

The d,1-amphetamine found in the vial in defendant's residence was a measurable amount. That fact will support defendant's conviction for possession of a controlled substance. *United States v. Walker*, 720 F.2d 517, 518–19 (8th Cir.1983); *United States v. Nelson*, 499 F.2d 965, 966 (8th Cir.1974).

## IV. Constitutionality of Sentencing Guidelines

Defendant contends that the Federal Sentencing Guidelines violate the doctrine of separation of powers and the fifth amendment's due process clause. Each of these arguments has been rejected previously. *United States v. Mistretta*, —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); *United States v. Whitfield*, 874 F.2d 591 (8th Cir.1989) (separation of powers); *United States v. Brittman*, 872 F.2d 827 (8th Cir.1989) (due process). Further comment is not warranted.

## V. The Guidelines Calculations

On two counts, defendant's sentence was based upon the Federal Sentencing Guidelines. In the presentence report, the probation officer indicated that defendant and his co-conspirators had produced and distributed eighteen pounds seven ounces, or 8.265 kilograms of d,1-amphetamine. Based upon the quantity and type of substance involved, the guidelines provided for a base offense level of 32. In accordance with further guidelines provisions, the officer added to that base offense level two levels for defendant's possession of a firearm; three levels for his managerial or supervisory role in the offense; and two levels for obstruction of justice. The officer declined to make a potential downward adjustment of the offense level for acceptance of responsibility. The final offense level suggested in the presentence report was, therefore, 39. The district court adopted all of the recommendations in the presentence report and sentenced defendant according to the guidelines range for an offense level of 39.

Defendant argues that the trial court erred in its application of the guidelines as follows: first, by including drugs seized from co-conspirators, the court incorrectly calculated the amount of drugs from which it determined defendant's base level to be 32; second, the court erred in making an upward adjustment based upon the discovery of a firearm in defendant's residence; third, defendant's role was improperly characterized as managerial or supervisory, resulting in an upward adjustment; fourth, there was an erroneous finding of obstruction of justice; and fifth, the trial court erred by its failure to find acceptance of responsibility.

The following principles serve as polestars in this area: the district court's findings of fact are to be accepted unless clearly erroneous, 18 U.S.C. § 3742(d); the sentence is to be affirmed if the facts are properly applied to the guidelines. 18 U.S.C. § 3742(e)(3). *See also United States v. Grey*, 872 F.2d 1365 (8th Cir. 1989); *United States v. Otero*, 868 F.2d 1412, 1414 (5th Cir.1989).

The trial court's determinations with regard to the guidelines were fully appropriate.

### A. Base Offense Level

■ Defendant argues that the trial court improperly included in the base level offense calculations quantities of drugs manufactured by co-conspirators during a period of time when the defendant was allegedly excluded.

Defendant's conviction involved 21 U.S.C. § 841 substantive offenses and 21 U.S.C. § 846, conspiracy. When a conviction for violating federal drug statutes is involved, the trial court may consider amounts of drugs involved in the conviction of co-conspirators. *United States v. Mann*, 877 F.2d 688, 690 (8th Cir.1989). There is no requirement that only the amounts involved in a single defendant's indictment or conviction may be considered in the calculation of that defendant's base level. *Id.* at 690.

### B. Upward Adjustment for Possession of a Firearm

■ Government agents found two pistols during their search of defendant's residence. The agents discovered one pistol in a briefcase containing defendant's papers and drug paraphenalia. The other pistol was located elsewhere in defendant's apartment. Based upon these discoveries, the district court properly adjusted defendant's base offense level upward by two levels in accordance with § 2D1.1 of the Sentencing Guidelines. Defendant does not dispute the allegation that the weapons were in his residence when agents conducted the search. Neither does he dispute his ownership of the weapons, nor his "simple possession" of them. Rather, he challenges the weapons' connection with the substantive crimes for which he was convicted. The argument is not persuasive. The fact that one of the pistols was contained in a briefcase also containing drug paraphenalia belies defendant's position. The possession of the firearms under the circumstances of this case is sufficient to support the upward calculation. Either use or possession is sufficient, and the firearm need not have had a prominent role in the case. *United States v. Otero*, 868 F.2d at 1414.

### C. Upward Adjustment for Role in the Offense

■ The trial court properly adjusted defendant's offense level upward by three levels based upon his role in the offense as applied to § 3B1.1 of the guidelines.

In the commentary following this section of the guidelines, the commission instructs that "[t]his section provides a range of adjustments to increase the offense level based upon the size of a criminal organization (*i.e.*, the number of participants in the offense) and the degree to which the defendant was responsible for committing the offense." Defendant does not dispute the fact that chemical books and catalogs were sent to his address or that he arranged for co-defendants to rent property where d,1-amphetamine could be manufactured. He does not dispute that he received amounts of d,1-amphetamine in exchange for these services. He met with distributors and sold the drug or provided others with the drug for later sale. The record thus supports the district court's finding that defendant was a manager or supervisor of the organization.

### D. Obstruction of Justice

■ The trial court adjusted defendant's base offense level upward by two levels based upon § 3C1.1 of the guidelines. The court relied on the fact that defendant requested a co-defendant not to mention the involvement of two individuals when making statements to law enforcement officials. The application notes following § 3C1.1 provide:

> The following conduct, while not exclusive, may provide a basis for applying this adjustment:
>
> (a) destroying or concealing material evidence, or attempting to do so;
>
> (b) directing or procuring another person to destroy or conceal material evidence, or attempting to do so;
>
> *    *    *    *    *    *
>
> (d) threatening, intimidating or otherwise unlawfully attempting to influence a co-defendant, witness, or juror, directly or indirectly....

Defendant's conduct clearly falls within the boundaries of the foregoing notes thereby permitting the upward adjustment for obstruction.

### E. Refusal to Reduce Offense Level for Acceptance of Responsibility

■ The trial court declined to make a downward adjustment of defendant's offense level based on acceptance of responsibility in accordance with § 3E1.1 of the guidelines. In the application notes following this section, the Commission indicates: "[a]n adjustment under this section is not warranted where a defendant ... obstructs the trial or the administration of justice (*see* § 3C1.1), regardless of other factors."

The district court receives great deference in determining acceptance of responsibility. *United States v. Thompson*, 876 F.2d 1381, 1384 (8th Cir.1989). Because the trial court's upward adjustment for ob-

struction of justice was proper, the refusal to make a downward adjustment for acceptance of responsibility was correspondingly correct.

Accordingly, we affirm the judgment of the district court.