925 F.2d 1458
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William R. TURNER, Defendant-Appellant.
 No. 90-5021.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1990.
Decided Feb. 19, 1991.
As Amended March 11, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (CR-89-274)
 Parks Nolan Small, Federal Public Defender, Columbia, S.C., for appellant.
 Gregory Poole Harris, Assistant United States Attorney, Columbia, S.C. (Argued), for appellee; E. Bart Daniel, United States Attorney, John W. McIntosh, First Assistant United States Attorney, Sherri A. Lydon, Assistant United States Attorney, Columbia, S.C., on brief.
 D.S.C.
 AFFIRMED.
 Before DONALD RUSSELL and NIEMEYER, Circuit Judges, and JAMES C. CACHERIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 William Ray Turner appeals his sentence for making a false claim on his 1987 tax return, in violation of 18 U.S.C. Sec. 287. Turner was sentenced to 27 months imprisonment, three years supervised release, and a $50 special assessment. We affirm.
 
 
 2
 On November 15, 1989, the appellant pled guilty to a one-count indictment charging him with filing a fraudulent income tax return for the year 1987. The probation officer, in computing the appropriate guidelines range, increased the base offense level by considering relevant conduct in earlier unindicted tax offenses. Guidelines Sec. 2F1.1(a), Fraud and Deceit, applies to 18 U.S.C. Sec. 287. The base offense level is six. Section 2F1.1(b)(1)(C) provides that, if the range of fraud was between $5001 and $10,000, then the base offense level should be increased by two. Although the extent of the fraud in this case amounted to $1,515.29, the probation officer added in the amounts of earlier unindicted tax offenses committed by the appellant, which arose out of tax years 1982 ($1,746.58) and 1983 ($2,366.18), for a total of $5,628.05. Accordingly, Turner's base offense level was then increased to eight.
 
 
 3
 Between April 1982 and February 1984, the appellant leased and managed the Thunderbird Motor Inn in Columbia, South Carolina. As part of the arrangement, he was entitled to all of the profits produced by the business during that time. As employer, he was also responsible for withholding the income taxes of himself and his employees and documenting those withholdings on standard W-2 forms.
 
 
 4
 For tax years 1982 and 1983, the appellant filed federal income taxes indicating his entitlement to certain refunds. A subsequent investigation by the IRS, however, failed to turn up the W-2 forms documenting the withholdings from which these refunds were claimed. In tax year 1984, the appellant allegedly pulled the same scheme, this time as a joint affair with his wife. As to this effort, however, his wife signed the returns and received the proceeds, and there was insufficient evidence to prosecute him.
 
 
 5
 The appellant spent the following three years in jail for unrelated matters. Upon his release, he filed a fraudulent W-2 form for the tax year 1987, this time listing his employer as Advance Door System, Inc., a company for which he never worked. He was eventually apprehended and the result was his guilty plea, taken by the court below.
 
 
 6
 On appeal, the appellant contends that Congress did not intend pre-November 1, 1987 activity to be considered as relevant conduct under the guidelines, that the alleged acts of tax fraud for years 1982 and 1983 may not be considered because they are time-barred by the statute of limitations, that the guidelines sentencing procedure has denied him due process, and that the trial court misinterpreted the guidelines by grouping counts on which the defendant was never indicted.
 
 
 7
 We reject the appellant's arguments.
 
 
 8
 * The appellant contends that Congress did not intend pre-November 1, 1987 activity to be considered as relevant conduct for computing sentences under the guidelines.[1] This is so, he contends, because the Sentencing Act of 1987, Pub.L. 100-182, Sec. 2(a), 101 Stat. 1266, was amended expressly to limit the guidelines to criminal offenses committed after that date.
 
 
 9
 In United States v. Polk, 905 F.2d 54 (4th Cir.1990), the court dealt with precisely the situation contemplated by the amendment. There it held that convictions obtained for pre-November 1, 1987 conduct could not be grouped with convictions for conduct occurring after that date. The opinion cannot be read to mean that pre-November 1 conduct may not be considered as relevant conduct for grouping purposes.
 
 
 10
 Nevertheless, the appellant adheres to Polk as direct support for his position because, in his view, the guidelines, in Sec. 1B1.3(a)(2), intend that prior acts in a course of conduct are to be treated for sentencing purposes as though they had resulted in actual convictions. Accordingly, his argument goes, because the alleged filings of false W-2 forms could not have been grouped under Sec. 3D1.2(d) had they resulted in convictions, they likewise cannot be considered for relevant conduct purposes.
 
 
 11
 In United States v. Cusack, 901 F.2d 29, 32 (4th Cir.1990), the court confronted a situation on four corners with this one. There the appellant challenged his sentence on ex post facto grounds because relevant conduct included acts occurring before the applicable deadline. Nevertheless, the court declined the invitation to hold unconstitutional the trial judge's application of the guidelines. Instead, it noted that other circuits accorded with the view that relevant conduct merely stiffens a penalty already imposed rather than punishes for independent pre-guidelines activity. See United States v. Ykema, 887 F.2d 697 (6th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 878 (1990); United States v. Allen, 886 F.2d 143 (8th Cir.1989).
 
 
 12
 To be sure, the appellant does not seek to relitigate the ex post facto issue, but rather to attack more directly at the level of congressional intent. Notwithstanding the constitutionality of the guidelines as applied, he contends, Congress simply did not intend this interpretation.
 
 
 13
 Yet, the United States Sentencing Commission addressed this very issue in its publication entitled "Questions Most Frequently Asked About the Sentencing Guidelines." Its response to this query was that "[r]elevant conduct for offenses subject to the guidelines is to be determined without regard to the November 1 implementation date." Volume III, p. 4 (March 1, 1990).
 
 
 14
 Furthermore, it is certain that Congress intended the result which has, to the present, been the standard routine. It has been long-standing sentencing practice that judges broadly consider all aspects of a defendant's background. "[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." United States v. Tucker, 404 U.S. 443, 446 (1972).
 
 II
 
 15
 The appellant argues that the 1982 and 1983 allegations of tax fraud may not be considered as relevant conduct because the statute of limitations bars punishment for these stale offenses.[2] Because the guidelines increase his sentence by considering as relevant conduct these prior incidents, he contends that punishment has been inflicted for time-barred acts.
 
 
 16
 This argument is flawed in at least two respects: First, it is well established that the statute of limitations only applies to charges or indictments brought after a specific point in time and does not deal with the question whether a court may consider uncharged conduct when fashioning an appropriate sentence. See, e.g., United States v. Campbell, 684 F.2d 141 (D.C.Cir.1982) (sentencing judge did not act improperly by considering offenses dropped from the indictment because time-barred).
 
 
 17
 Second, the guidelines expressly provide for consideration of all prior relevant conduct at sentencing. Specifically, Sec. 1B1.4 of the guidelines reads:
 
 
 18
 In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant.
 
 
 19
 To the extent that this creates a conflict with the statute of limitations, the latter begins by providing that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished...." 18 U.S.C. Sec. 3282 (emphasis added).
 
 
 20
 Accordingly, the appellant's statute of limitations argument fails. To the extent that his prior alleged acts of tax fraud were considered, they were only used to enhance the punishment for the act for which he was convicted. It cannot be said that he was being punished independently for the prior acts.
 
 III
 
 21
 The appellant also argues that consideration at sentencing of prior crimes for which he was not tried would violate his due process rights. He principally relies on two cases to support this contention. In the first, Burgett v. Texas, 389 U.S. 109 (1967), the Court reversed a guilty verdict because the trial judge permitted introduction of prior convictions, some of which were shown to be constitutionally defective.
 
 
 22
 In Burgett, the Court relied indirectly on Greer v. Beto, 384 U.S. 269 (1966), when it noted that convictions obtained in violation of the right to counsel could not be used to enhance punishment for another offense. In Beto, however, the Court dealt with an invalid conviction in relation to a special recidivism statute. Thus, neither Burgett nor Beto controls here.
 
 
 23
 The appellant also relies on United States v. Tucker, 404 U.S. 443 (1972). There the Court remanded for reconsideration of the defendant's sentence because the trial judge relied on constitutionally defective prior convictions. Although the government in that case cited profuse case law which upheld broad inquiries into a defendant's background during sentencing, the Court noted the important distinction, a distinction which likewise controls here: in Tucker, the trial judge was operating "at least in part upon misinformation of constitutional magnitude." Id. at 447.
 
 
 24
 Due process rights are not as extensive at sentencing as they are at trial. United States v. Adams, 694 F.2d 200 (9th Cir.1982), cert. denied, 462 U.S. 1118 (1983). It is well settled that sentencing judges may rely on almost any type of relevant information provided there is "sufficient indicia of reliability to support its probable accuracy." United States v. Marshall, 519 F.Supp. 751, 754 (E.D.Wis.1981), aff'd, 719 F.2d 887, 891 (7th Cir.1983). See also United States v. Saintil, 753 F.2d 984, 990 (11th Cir.), cert. denied, 472 U.S. 1012 (1985).
 
 
 25
 For the appellant to prevail in his due process argument, he would have to show that the challenged information, that is, the 1982 and 1983 acts of alleged tax fraud, was false and unreliable. United States v. Ching, 682 F.2d 799 (9th Cir.1982). The court below found by a preponderance of the evidence, however, that these offenses had occurred. Accordingly, the trial judge's consideration of the relevant conduct under the guidelines did not deprive the appellant of due process.
 
 IV
 
 26
 The appellant's final argument takes aim at the district court's interpretation of the guidelines. At sentencing, the court began with Sec. 1B1.3(a)(2) and noted that it was required to consider, with respect to offenses for which Sec. 3D1.2(d) required grouping of multiple counts, all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction. The appellant contends that the grouping rule only applies to offenses which are actually indicted and that, even if it does not, the prior acts of tax fraud would not have been part of a common scheme or plan under the statutory language.
 
 
 27
 The appellant's contention that grouping of multiple counts applies only to counts for which there has been an indictment must be rejected. The application note to Sec. 1B1.3(a)(2) specifically states that "applicability ... does not depend upon whether multiple counts are alleged." Guidelines at 1.20. Moreover, the guideline simply reads "with respect to offenses of a character for which Sec. 3D1.2(d) would require grouping." (Emphasis added.) The conditional language indicates that the prior offenses are to be treated, for relevant conduct purposes, as though they were actual "counts" under Sec. 3D1.2(d). The guidelines nowhere make any mention of indictments as prerequisite to applicability.
 
 
 28
 The overwhelming weight of the authority holds that prior offenses need not have resulted in convictions to be considered for relevant conduct purposes.[3] The appellant's contention that, at the very least, these prior offenses ought to have been included in an indictment should likewise be rejected.
 
 
 29
 Accordingly, it remains only to be considered whether the alleged 1982 and 1983 acts of tax fraud may be considered part of the same course of conduct or common scheme or plan under Sec. 1B1.3(a)(2) as the offense for which the appellant was convicted. The appellant argues, first, that the alleged early acts of tax fraud are not close enough temporally to the act for which he was convicted to fit the language of the rule.
 
 
 30
 In his view, Sec. 4A1.3 of the guidelines evinces an intent that conduct separated by five years of time not be treated as relevant conduct. Reference is made to the language of Sec. 4A1.3, which states that upward departures from the guidelines may be made in certain instances when the criminal history category does not adequately reflect the seriousness of the defendant's past conduct. In Sec. 4A1.3(e), the court may consider "prior similar adult criminal conduct not resulting in conviction." Insofar as this language is found in the guidelines, the appellant argues, it manifests an intent to exclude by implication the consideration of his prior time-barred offenses under Sec. 1B1.3(a)(2).
 
 
 31
 This argument ignores the structure of the guidelines. The quoted language of Sec. 4A1.3(e) clearly applies only in those instances where the trial judge finds a discrepancy between a criminal history category and past conduct. It would be inappropriate to find that the provision intended to preclude consideration of temporally "distant" acts as part of a course of conduct under the relevant conduct chapter of the guidelines.
 
 
 32
 The appellant also relies on a reference to relevant conduct in the United States Sentencing Commission Guideline Trainer's Manual. There it states that the words "same course of conduct" are derived generally from the principles behind Rule 8(a) of the Federal Rules of Criminal Procedure. That rule explains when two or more offenses may be joined in a single indictment. The appellant contends that, to the extent the 1982 and 1983 acts of tax fraud would be time-barred, they could not be considered in the same indictment with the 1987 act and, therefore, could not be said to constitute part of the "same course of conduct" pursuant to Sec. 1B1.3(a)(2).
 
 
 33
 Nevertheless, in United States v. White, 888 F.2d 490, 500 (7th Cir.1989), the court noted that "Rule 8(a) serves functions other than sentencing, and to use it as the basis of aggregation would be to choose a stripe of real offense sentencing that the Sentencing Commission rejected." Because Rule 8(a) and Sec. 1B1.3(a)(2) serve very different ends, it would be overly mechanical and contrary to the intent of the guidelines to interpret the two as coextensive.
 
 
 34
 Although the appellant's acts constitute fraud and deceit under the guidelines, the commentary to Sec. 2T1.1, dealing with tax evasion, provides some useful instruction for gauging when a course of conduct or common scheme or plan exists. The following examples are provided:
 
 
 35
 (a) there is a continuing pattern of violations of the tax laws by the defendant; (b) the defendant uses a consistent method to evade or camouflage income ...; (c) the violations involve the same or a related series of transactions.
 
 
 36
 United States Sentencing Commission, Guidelines Manual Sec. 2T1.1, n. 3 (Nov. 1989).
 
 
 37
 The appellant's conduct undoubtedly qualifies under these examples. He defrauded the government using the same technique each time and did so every successive year that he had the opportunity.
 
 
 38
 In United States v. Gooden, 892 F.2d 725, 728 (8th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 2594 (1990), the court noted that a trial judge's factual determination of whether a particular series of offenses amounted to a similar course of conduct was subject to review under the "clearly erroneous" standard. Adopting that standard here, it can hardly be doubted that the trial court's disposition of this issue was not clearly erroneous.
 
 
 39
 AFFIRMED.
 
 
 
 [1]
 Sec. 1B1.3 Relevant Conduct (Factors that Determine the Guideline Range)
 (a) Chapters Two (Offense Conduct) and Three (Adjustments). Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:
 * * *
 (2) solely with respect to offenses of a character for which Sec. 3D1.2(d) would require grouping of multiple counts, all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction....
 
 
 [2]
 Title 18 U.S.C. Sec. 3282 states that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." (Emphasis added.)
 
 
 [3]
 See United States v. Blanco, 888 F.2d 907 (1st Cir.1989); United States v. Sarasti, 869 F.2d 805 (5th Cir.1989); United States v. Sailes, 872 F.2d 735 (6th Cir.1989); United States v. White, 888 F.2d 490 (7th Cir.1989); United States v. Mann, 877 F.2d 688 (8th Cir.1989); United States v. Scroggins, 880 F.2d 1204 (11th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 1816 (1990)