942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NITED STATES of America, Plaintiff-Appellee,
v.
Felix ASEMOTA, Defendant-Appellant.
 No. 90-30201.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1991.
Decided Aug. 21, 1991.
 
 1
 Before EUGENE A. WRIGHT and O'SCANNLAIN, Circuit Judges, and MACBRIDE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Felix Asemota challenges his conviction on four counts of using false social security numbers in violation of 42 U.S.C. § 408(g)(2) and one count of credit card fraud in violation of 18 U.S.C. § 1029(a)(2). He argues that the district court should have granted his motion to suppress evidence. Asemota also challenges the sentence imposed on him under the United States Sentencing Guidelines. We now affirm both conviction and sentence.
 
 I.
 
 4
 Asemota challenges an otherwise valid search warrant on the grounds that the issuing judge was not neutral and detached as required by Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022 (1971). This contention lacks merit. The point of the neutrality requirement is to place the probable cause determination in the hands of someone other than an "officer engaged in the often competitive enterprise of ferreting out crime." Illinois v. Gates, 462 U.S. 213, 240, 103 S.Ct. 2317, 2332 (1983). The fact that the detective possessed information which remained outside the affidavit because the judge indicated a familiarity with the scheme and declined to hear it described is not evidence that the judge abandoned his role of remaining neutral and detached, accord U.S. v. Holland, 884 F.2d 354 (8th Cir.1989) (similarity of affidavits supporting four separate warrants is not evidence of a lack of neutrality); it simply means that additional bases for probable cause may be lacking.
 
 
 5
 Since there is no evidence that the judge lacked neutrality and detachment and there is no challenge to the sufficiency of the search warrant, the district court's denial of the defendant's motion to suppress is affirmed.
 
 II.
 
 6
 Asemota argues that losses aggregated under § 2F1.1 of the Sentencing Guidelines were overstated because the district court erred in accepting Avis Rent-A-Car's recalculation of loss to include both a rate change and a drop off fee to account for the return of a rental car in Seattle, Washington, rather than its point of origin in Berkeley, California.
 
 
 7
 A trial court's factual determinations are reviewed only for clear error. United States v. Wills, 881 F.2d 823, 827 (9th Cir.1989). Application Note 8 to Guideline § 2F1.1 provides that "The amount of loss need not be precise.... The court need only make a reasonable estimate of the range of loss, given the available information".
 
 
 8
 The record contains reliable information from which the trial court could make a factual finding that the loss should be calculated at the higher figure. The information available to the court and presented in the pre-sentence report was provided by Avis' bill to the appellant. In addition, the record indicates that before Asemota signed the Avis contract, he had notice of the possibility of additional charges including a rate change and a drop-off charge. This panel has no basis on which to conclude that the sentencing court's determination of loss was clearly erroneous.
 
 
 9
 Asemota also argues without citation that there are equal protection implications raised between classes of defendants who are able to obtain pre-trial release and those, like Asemota, who are not released pre-trial. Asemota does not challenge the right of authorities to detain him. He claims only that his detention had an impermissible effect on his ability to mitigate losses in his defense.
 
 
 10
 It is well-settled that pre-trial detention is appropriate to ensure that an accused will be available for trial even though this may infringe on the suspect's ability to prepare a defense. Stack v. Boyle, 342 U.S. 1, 4, 72 S.Ct. 1, 3 (1951).
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Thomas J. MacBride, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3